# WILLIAM PATTERSON

## v.

# ANDREW J. SCOTT ET AL.

*Gaming—Criminal Code, Sec. 135—Chap. 46, R. S. 1845—Sec. 2, Chap. 13, R. S.—Decrees—Judgments.*

This court holds that the right to relief under Sec. 135 of the criminal code upon the ground that money for which decrees by default were entered in the trial court was lost in gaming, is not foreclosed by the failure to set up the same as a defense in the first instance.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. SETH F. CREWS and ERNEST DALE OWEN, for appellant.

Mr. E. H. MORRIS, for appellees.

GARY, J.   This is an appeal from a decree of the Superior Court in chancery.   The appellant sought relief from former decrees of the Circuit Court, entered by default.

Without going into detail, it is enough to say that the appellant based his title to relief upon Sec. 135 of the criminal code, which provides that "all judgments, mortgages, assurances, bonds, notes, bills, specialties, promises, covenants, agreements and other acts, deeds, securities or conveyances, given, granted, drawn or executed contrary to the provisions of this act, may be set aside and vacated by any court of equity, upon bill filed for the purpose, by the person so granting," etc.   This section was taken from Chap. 46, R. S. 1845, entitled "gaming," and incorporated, with other provisions of that chapter in the criminal code, by the revision of that code, in 1874.   Such provisions are therefore to be construed as a continuation of the prior provisions, and not as a new enactment.   Sec. 2, Chap. 131, R. S.   The appellant by his bill shows that these former decrees were for money lost at gaming.   His present bill is not to be considered a bill of review of those decrees, but an original bill for relief under the statute.   As such, the appellees urge that decrees in chancery are not embraced in the words of the statute; that having his day in court, where he might have availed himself of the defense that the money was lost in gaming, the appellant, by his neglect, is effectually foreclosed from all relief.

While usually the word judgment denotes the determination of an action by a court of law, yet in a large sense it embraces the decision of any court.   Bouvier's Law Dictionary; Webster's Dictionary; In the matter of Negus, 10 Wend. 34; In re Road, 103 Pa. St. 250.   And the spirit and object of the statute takes in every form of security, the consideration of which is a gambling debt.

The recent case in the Supreme Court, West v. Carter, 129 Ill. 249, recognizes the authority of Mallett v. Butcher, 41 Ill. 382, that the title to relief under the original statute was not lost by neglecting to make the defense at the first opportunity.

The decree of the Superior Court, sustaining the demurrer of one appellee, and dismissing the bill on the motion of the other, is erroneous; and it is reversed and the cause remanded. If the decrees which the bill attacks should be set aside, subsequent proceedings, based upon them, fall with them.  Bac. Abr., title Error, M; McJilton v. Love, 13 Ill. 486.

*Reversed and remanded.*