## Webber v. City of Chicago.

1. HORSE RACING—*Exhibitions, etc.*—The court will notice judicially that horse racing is an exhibition. a performance and an entertainment.

2. CITIES AND VILLAGES—*Power to License—Exhibitions.*—Under paragraphs 41 and 58, of Sec. 1, Art. 5, of the general incorporation act, a city council has authority to license horse racing as an exhibition or amusement, and all persons aiding in the exhibition or amusement without a license, will be guilty of violating the ordinance requiring such license.

3. CITIES AND VILLAGES—*Ordinances—Licensing Exhibitions.*—It is no legal objection to the ordinance providing for the licensing of exhibitions, etc., that the license can be obtained for less money for a whole month than it can for three weeks.

4. CITIES AND VILLAGES—*Ordinances—Part Valid, Part Invalid.*—An ordinance may, as to some matters comprised in it, be invalid, and valid as to the residue.

5. CITIES AND VILLAGES—*Ordinances—Delegation of Power.*—An ordinance of the city of Chicago providing for the licensing of exhibitions, etc., divided the same into four classes, giving a definition of each, and for which different rates were fixed. *It was held* that the ordinance was not void because it provided that the mayor should determine in every case where application for license was made, the class to which the entertainment belonged, and that the person to whom the license was to be granted should pay the fee fixed by the ordinance.

Memorandum.—Prosecution for violating an ordinance. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1892, and affirmed. Opinion filed April 19, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, KNIGHT & BROWN, FRED. W. PACKARD AND LYMAN TRUMBULL, ATTORNEYS.

Appellant contended that the ordinances are to be strictly construed, and that appellant was not required under the ordinances to take out an amusement license, horse-racing not being included in the specific enumeration of amusements or shows required to be licensed, and that the general words following a specific enumeration can not include appellant. In other words, the rule is familiar that general words following a specific enumeration of objects or things in an ordinance or prohibitory statute will be held to include only such things as are of the same kind as those specifically enumerated. Marquis v. City of Chicago, 27 Ill. App. 251; Shirk v. People, 121 Ill. 61; In re Swigert, 119 Ill. 83; State v. Baker, 2 S. W. R. 836.

JOHN S. MILLER and GEO. A. DuPUY, attorneys for appellee.

OPINION OF THE COURT, GARY, P. J.

The appellant was employed by the Garfield Park Club, a corporation conducting horse races upon grounds inclosed by a high, tight board fence in the city. He sold at the grounds, tickets which entitled persons to enter.

Among the ordinances of the city are these:

" 907. For the purpose of providing for the licensing and taxing of theatricals, shows, amusements and all public exhibitions for gain, in a just and equitable manner, the same are hereby divided into four classes, which shall be known as the first, second, third and fourth, as follows:

1. All entertainments of a dramatic or operatic character, including lectures, public readings and recitations, and exhibitions of paintings or statuary, shall belong to and be known as entertainments of the first class.

2. Concerts or other musical entertainments, panoramas, performances of any feats of jugglery, sleight of hand or necromancy, and exhibitions of any natural or artificial curiosities, shall belong to and be known as entertainments of the second class.

3. Circuses, menageries, caravans, side-shows and concerts, minstrel or musical entertainments given under a covering of canvas, exhibitions of monsters or of freaks of nature, variety and minstrel shows, athletic, ball, or similar games of sport, and all other exhibitions, performances and entertainments not here enumerated, given in a building, hall, or under canvas, or other cover, or within any inclosure, shall belong to and be known as entertainments of the third class.

4. All street shows, exhibitions and devices, such as bird shows, galvanic batteries, lifting machines, blowing and striking machines, and all other exhibitions and performances or devices for the trial of strength, given, performed, or had upon or along the streets or public grounds of the city of Chicago, and all exhibitions or shows not included in the three foregoing classes, shall belong to and be known as entertainments or exhibitions of the fourth class.

908. No person or persons, within the limits of the city,

shall give any of the entertainments mentioned in this chapter for gain, without a license for that purpose first had and obtained from the mayor, under the seal of the city, under a penalty of not less than $50 and not exceeding $200, for each and every violation of this section: Provided, that for musical parties or concerts, and exhibitions of paintings or statuary given by citizens of this city, not engaged in the giving of such entertainments as a business, no license shall be required.

909. Each license shall express for what it is granted, and the time it is to continue, and the following tax or license fee shall be imposed upon each license granted as aforesaid, and paid to the city collector, on the granting of such license as follows, to-wit: * * *

4. For each variety and minstrel show, athletic, ball, or similar games of sport, ten dollars for each day; and exhibitions of monsters or freaks of nature, and all other exhibitions, performances and entertainments not hereinbefore enumerated, given in a building, hall, or under canvas, or other covering, or within any inclosure, the sum of twenty dollars for each week or parts thereof; but if such exhibition or show shall continue for a whole month or more, then at the rate of fifty dollars per month.

911. The mayor shall determine in every case where application for a license under this chapter is made, the class to which the entertainment belongs, and the person or persons to whom the license may be granted shall pay the license tax or fee herein fixed for such license."

That a horse race is an exhibition, a performance, and an entertainment, we may notice judicially, without danger of impeachment.

If people bet on it, and make gambling of an exercise which both horses and spectators enjoy, that is to be separately considered.

Bets are often, as we have heard, made on elections, yet the elections are necessary to the perpetuity of freedom.

The appellant was charged with violating section 908, and fined fifty dollars. He now argues:

" 1.  Appellant or the Garfield Park Club was not required to take out an amusement license to sell tickets of admission to their grounds to witness horse-racing.

2.  The ordinance is not a valid one.

3.  Ordinance void for uncertainty."

The power of the city council to legislate on the subject-matter of this ordinance is found in Section 1 of Article 5 of the General Incorporation Act of Cities and Villages, as follows :

" The city council in cities and president and the board of trustees in villages shall have the following powers :

Forty-first.  To license, tax, regulate, suppress and prohibit hawkers, peddlers, pawnbrokers, keepers of ordinaries, theatrical and other exhibitions, shows, amusements, and to revoke such licenses at pleasure.

Fifty-eighth.  To regulate places of amusement."

Horse-racing is an exhibition or amusement which the city might, under those provisions, require to be licensed, and all persons aiding in the exhibition or amusement without a license would be guilty of violating the ordinances requiring such license.  We think this answers the first two points.

The argument on the third point is that a license can be obtained for less money for the whole month, than it can for three weeks specifically, therefore the ordinance is void.

It is a sufficient answer to that to say, that no such case would be likely to occur; but if an applicant for a license preferred to pay more instead of less, why should anybody else complain ?

Also that section 911 confers upon the mayor a power which can not be delegated.

Whether in the application of the ordinance to other subjects than horse racing, any difficulty would be found, we need not consider.

Any ordinance may, as to some matters embraced in it, be invalid, and valid as to the residue.  Dillon, Municipal Corporations, 4th ed., Sec. 421.

But in the nature of things in a large city the ministerial part of the business of licensing must be done by some

officer always accessible. We know as a fact that in the city of Chicago, for many years past, all licenses have been issued by the mayor, under general classifying ordinances, and that no applications for license are made to the city council. No objection to that mode of proceeding appears in the numerous cases where convictions for violations of ordinances requiring licenses have been sustained by the Supreme Court.

There is no more uncertainty as to horse racing in Garfield Park being an exhibition within an inclosure, than as to selling whisky in a bar room being such a business as requires a dram shop license. People v. Cregier, 138 Ill. 401.

The conviction is right, and the judgment is affirmed.