## Patrick Ryan and J. A. Webb v. Mary E. Potwin, Trustee.

1. CONTRACTS—*May be Shown to be Illegal.*—A contract sealed or not sealed, though on its face honest and lawful, may, nevertheless, be shown to be illegal and contrary to public morals.

2. SAME—*Intent of the Parties—When Immaterial.*—The intention of the parties when making a lease, if not mutual, is immaterial, and can not be shown.

3. LEASE—*For Illegal Purposes Void.*—To make a lease void because of the illegal purpose for which the premises are intended, such a purpose must have been mutual between the parties.

Assumpsit, for rent. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

EDWARD H. MORRIS, attorney for plaintiffs in error.

C. A. SURINE, attorney for defendant in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was originally a suit in covenant, subsequently changed by amendment to an action in assumpsit, for rent for the month of December, 1894, due upon a lease under seal, of certain premises in the city of Chicago, made by the defendant in error to the plaintiffs in error, dated January 28, 1892, for a term from May 1, 1892, until April 30, 1895, at a gross rental of $30,000, payable in monthly installments of $833.34, on the second day of each month, in advance.

There is no pretense but that rent for the month of December, 1894, remains unpaid.

The defense relied upon is that the premises were rented for illegal purposes.

The lease itself specifies that the premises were " to be occupied for the grain, provision and commission business and general commission business, and for no other purpose whatever."

On the trial the plaintiffs in error made of a witness, who had testified for the other side, a witness in their own behalf, and, as shown by the abstract, asked questions of him and offered to show by him, together with the rulings of the court, as follows :

" Q. For what purpose were the premises in question rented to the defendant Ryan ?

(Objected to by plaintiff; exception by defendant.)

MR. MORRIS : I desire to show by this witness that the premises in question were rented to the defendants for the purpose of keeping a bucket shop and gambling house, and that they actually kept a bucket shop and gambling house in such premises with the consent of the plaintiff.

(Objected to by plaintiff; objection sustained; exception by defendant.)

Q. Is it not true that the premises in question were rented to the defendants, Ryan and Webb, for the purpose of enabling them to conduct and run what is commonly called a bucket shop and gambling house ?

(Objected to by plaintiff; objection sustained; exception by defendants)."

It is unquestionable that a contract, sealed or unsealed, though on its face honest and lawful, may nevertheless be shown to be illegal and contrary to public morals, and it would have been error to have refused to permit such to be proved. 2 Taylor, Evid., 968; 1 Greenleaf, Evid., Sec. 284.

Looking, however, at the questions that were put to the witness, they call for the conclusion by the witness from what was said or done by the parties when the lease was made, of the effect of such words as were spoken or acts

done, and not for the words or acts themselves, from which the court or jury could have drawn the conclusion.

Furthermore, the intention of one party when renting to the other, or the intent of the other when renting from the one, such intent not being mutual, could not properly have been shown.

To make the lease void because of the illegal purpose for which the premises were intended, such a purpose must have been mutual between the parties, and it will be seen that the questions were in form directed to obtain from the witness no more than his opinion of the intention of but one of the parties.

We do not consider the objection that it is improper to join assumpsit with covenant, to be well taken, for that is not what was done.

The court by its order amended all the papers and proceedings in the cause by changing the form of action to assumpsit, and gave leave to the plaintiff to file an amended declaration instanter, which was done, the amended declaration being in form a declaration in assumpsit, and reciting on its face that it was filed as such by leave of court first had.

There being no sufficient error in the record, the judgment of the Circuit Court is affirmed.