## Michael C. McDonald v. Lambert Tree and Anna J. Tree.

1. GAMBLING—*Letting Premises For—Intention of the Landlord.*— The mischief intended to be prevented by section 127 of the Criminal Code, was not covenants by lessees that they would conduct gambling as a business, but the gambling itself, and one of the means of preventing that mischief is to punish the landlord who lets to a tenant premises which the tenant wants for gambling, and the landlord knows it, and knows with all the certainty that future events can be known that if he demises the premises will be used for gambling.

2. SAME—*Intention of Landlord.*—An intention by the landlord to aid or assist the tenant to violate the law is not a prerequisite to his own guilt.

Assumpsit, on a guaranty. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed March 8, 1897.

A. B. JENKS, attorney for appellant.

WILSON, MOORE & McILVAINE, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action upon a guaranty by the appellant of the performance by the lessees and their assigns, of all the

covenants to be performed by the lessee, contained in a lease in which the appellees were lessors.

The premises were eighty acres of ground expressed in the lease "to be used for a trotting park or race course, and the holding of exhibitions of like character, and for no other purpose or purposes;" and the lessees covenanted that they would "not use or suffer to be used the said premises, or any part thereof, for any illegal or disreputable purpose."

It is not a circumstance material to this decision—though this fact does appear in the case—that the lessees assigned the lease to the Garfield Park Club, and, as may be seen in Webber v. City of Chicago, 50 Ill. App. 110, we some years ago suspected that there was gambling on the races there. But, individually, I am now inexpressibly surprised and shocked to learn from this record that the appellant guaranteed the performance of their covenants by the lessees for the object and purpose of aiding them to obtain facilities for gambling.

We need not recite the special plea—the action, as permitted by the statute, is assumpsit; and under the general issue, the defense relied upon—illegality of the contract—is admissible.   1 Ch. Pl. 417, Ed. 1828.

At the instance of the appellees, the court, among other instructions, gave these:

"1. If you find from the evidence that the lease described in the declaration was executed by the parties thereto, and that the defendant McDonald entered into a contract to guarantee the payment of the rent in said lease provided, and that said rents have not been paid as in said lease promised, then. you must find for the plaintiffs and against the defendant McDonald, unless the defendant has proved by a preponderance of the evidence, both that the lessees, at the time the lease was made, intended to put the premises to a use forbidden by law, and also that the plaintiffs in making the said lease knew of the said illegal intent on the part of the lessees, and participated and shared therein, and entered into the lease in question with the design and intention of enabling or assisting the lessees to accomplish their illegal purpose.

7. The court instructs you that even if it appears from the evidence that the plaintiffs at the time of the execution of the lease in question knew that the lessees intended to put the premises to an illegal use, nevertheless, the lease would be a valid contract and enforceable at law, unless the plaintiffs also intended, at the time the lease was executed, to aid and further the illegal purpose of the lessees, and executed the lease with that intent."

Others, of similar tendency, need not be repeated.

Special questions put by the court to the jury, with the answers of the jury thereto, are as follows:

" 1st.   Were the premises in question knowingly let by the plaintiffs to the lessees, in the declaration named, for the purpose and with the intent on the part of the plaintiffs of enabling the lessees to keep said premises as a place where persons were to be procured or permitted to assemble together for the purpose of betting on the result of horse races? They were not.

2d.   Were the premises in question knowingly rented by the plaintiffs to the lessees, in the declaration named for the purpose and with the intent on the part of the plaintiffs, or Charles F. Gray, of enabling the lessees to bet money thereupon on the result of horse races?   They were not."

We shall say nothing further about the evidence than that if the instructions quoted are wrong, the evidence was such as to make the error material.

Upon evidence of the conduct of business at the premises, as shown by this record, it has been decided that the secretary of this Park Club was guilty of the offense prohibited by Sec. 127 of the Criminal Code of 1874, and that the premises were a building and yard within that section. Swigart v. The People, 50 Ill. App. 181; 154 Ill. 284. Now, under that section, whoever "knowingly rents any such place for such purposes," i. e., purposes of gaming, etc., as defined in previous parts of the section, is in the same category as he who executes the purposes. The purposes which the statute contemplates are not the purpose of the landlord, which usually is only to get his rent, but the purposes of the tenant as to the use he intends to make of

the premises; and if the landlord knows the intention of the tenant, then the landlord, as he intends the natural and probable conseqnences of his own acts, intends that the tenant shall have the use of the premises for the—to the landlord—known purposes of the tenant. Under such circumstances, it is refining away the meaning of plain words to say that the landlord does not knowingly rent for the prohibited purpose of the tenant. We have held, and are still of the opinion, that to rent with knowledge that the place rented was to be used for the purpose of gambling, is to lose the rent. Ryan v. Potwin, 62 Ill. App. 134.

Such purpose by the tenant, and knowledge by the landlord, is all the mutuality required; the necessity of which we assumed in Ryan v. Potwin, 60 Ill. App. 637, where the case did not call for much consideration of the subject.

It would not be of a very high—yet fatiguing—order of intellectual labor to go through the multitude of cases cited by the respective parties—show the contradictions between them, and select those which we approve.

The mischief intended to be prevented by the statute was not covenants by lessees that they would conduct gambling as a business, but the gambling itself; and one of the means of preventing that mischief is to punish the landlord who lets to a tenant premises which the tenant wants for gambling, and the landlord knows it, and knows, with all the certainty that future events can be known, that if he demises, the premises will be used for gambling.

An intention by the landlord to aid or assist the tenant to violate the law is not a prerequisite to his own guilt.

The instructions were wrong, and the judgment is reversed and the cause remanded.