## Albert B. Harris and James Pease, Sheriff of Cook County, v. Michael C. McDonald.

1. LEASES—*For Gambling Purposes.*—Knowingly renting premises to be used for gambling purposes is prohibited by Section 127, Chapter 38, R. S., and is contrary to the provisions of Section 135 of the same chapter.

2. DEFENSES—*Leasing Premises for Gambling Purposes—Failure to Make this Defense at Law.*—Section 135 of the Criminal Code takes all cases to which it applies out of the general rule that when a party has a defense to an action at law known to him, and he fails to make it, courts can not relieve him.

3. GAMBLING—*Leasing Premises for.*—When premises are rented by the lessee for gambling purposes, and this is known to the lessor, there can be no recovery for rent.

Harris v. McDonald.

**Bill for an Injunction.**—Appeal from an interlocutory order of the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed January 9, 1899.

## STATEMENT.

This is an appeal from an interlocutory order granting a temporary injunction, without notice, on the bill.

The bill alleges that appellant Harris, February 17, 1891, executed to appellant Hogan a lease of the premises known as 336 State street, in the city of Chicago, for five years from May 1, 1891, reserving as rent for the first year, $6,000, payable in monthly installments of $500, in advance, and for each of the succeeding four years, $7,200 per year, payable in monthly installments, in advance, of $600; that it was covenanted by the lessee that he would not use the premises for any purpose calculated to injure the same or the reputation of the neighborhood, but only for a European hotel, restaurant and sample room; that in the latter part of June, or early in July, 1891, appellee, at the request of appellant Harris, thus indorsed the lease : " For value received I guarantee the payment of the above lease as specified. M. C. McDonald; " that May 1, 1891, Hogan entered the premises and remained in possession thereof until about January 1, 1895, when he yielded possession to Harris, who had possession until the expiration of the term; that March, 1895, Harris sued McDonald in assumpsit on his guaranty for the rent for certain months of the term; that McDonald pleaded to the declaration nonassumpsit, and no consideration; that such proceedings were had in the suit that Harris recovered judgment for the sum of $4,000, which on appeal to the Appellate Court was reduced by remittitur to $3,200, and affirmed as to the last amount; that May 24, 1898, execution issued from the trial court on said judgment, by virtue of which, and by the direction of Harris, the sheriff levied on a lot of appellee in the city of Chicago, of the value of $5,000, and sold the same to appellant Harris for $500, and issued to Harris a certificate of purchase of the same, and that Harris

threatened to sell other property to satisfy said judgment, and to bring other suits on said guaranty, for rent. It is further averred in the bill that the provision in the lease that the premises were to be used as a European hotel, restaurant and sample room and for no other purpose, was a mere device to conceal the real purpose; that Hogan did not intend to so use the premises and did not so use them at any time, but intended to and did use them, in part, for the purpose of gambling with cards, dice and other gaming implements, by which money was bet, won and lost, on the chance of winning by the use of cards, dice and other gambling devices; and that appellant Harris, before and at the time of executing the lease, well knew that the premises were to be so used, etc. An injunction issued in accordance with the prayer of the bill, restraining the sheriff from levying any execution on McDonald's property, issued on the aforesaid judgment, and from issuing a deed to the holder or owner of said certificate of purchase, and restraining Hogan from confessing any judgment for rent on the lease, so as to make McDonald liable thereby, and restraining Harris from assigning the certificate of purchase, and from prosecuting suits against McDonald on the lease and guaranty.

COOKE & UPTON, attorneys for appellants.

EDWARD MAHER and MOSES SOLOMON, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The bill in this case was filed under section 135 of the Criminal Code, which is as follows:

"All judgments, mortgages, assurances, bonds, notes, bills, specialties, promises, covenants, agreements and other acts, deeds, securities or conveyances given, granted, drawn or executed contrary to the provisions of this act, may be set aside and vacated by any court of equity upon bill filed for that purpose by the person so granting, giving, entering into or executing the same, or by his executors or

administrators, or by any creditor, heir, devisee, purchaser or other person interested therein; or if a judgment, the same may be set aside on motion of any person aforesaid, on due notice thereof given." Starr & C.'s Stat., C. 38, Par. 258.

Appellants' counsel contend that the case stated in the bill is not within or contrary to the provision of the act in which the section quoted occurs. Section 127 of the act is as follows :

"Whoever keeps a common gaming house, or in any building, booth, yard, garden, boat or float, by him or his agent used and occupied, procures or permits any persons to frequent, or to come together to play for money or other valuable thing, at any game, or keeps or suffers to be kept any tables or other apparatus, for the purpose of playing at any game or sport for money or any other valuable thing or knowingly rents any such place for such purposes, shall, upon conviction for the first offense be fined not less than $100, and for the second offense be fined not less than $500 and be confined in the county jail not less than six months, and for the third offense shall be fined not less than $500, and be imprisoned in the penitentiary not less than two years nor more than five years." Id., paragraph 250.

The knowingly renting premises to be used for gambling purposes is prohibited by this section, and is therefore contrary to the provisions of the section. Both sections are contained in the act of 1874, revisory of the Criminal Code.

It is further contended by appellant's counsel that the appellee might have set up the illegal purpose for which the premises are alleged to have been leased, in the suit at law, under the plea of non-assumpsit, and not having thus pursued his legal remedy, he is precluded from proceeding in equity. This contention was overruled in Mallett v. Butcher, 41 Ill. 382, the court admitting the general rule "that when a party has a defense to an action at law known to him, and he fails to make it, no court can relieve him," but holding that the section first above quoted takes all cases to which it applies out of the general rule.

To the same effect are : West v. Carter, 129 Ill. 249, 254, and Patterson v. Scott, 33 Ill. App. 348; McDonald v. Tree,

69 Ill. App. 134, was assumpsit against a guarantor of a lease, and the court held that when the premises are rented by the lessee for gambling purposes, and this is known to the lessor, there can be no recovery. See also Ryan v. Potwin, 60 Ill. App. 637; Same v. Same, 62 Ib. 134; Wood on Land. and Tenant, Sec. 556, and note 3; Woodfall's Land. and Tenant, 1st Am. Ed., 533, and Taylor on Land. and Tenant, 8th Ed., Sec. 521.

The bill was properly verified, and we are of opinion that the facts alleged warranted the court in granting the injunction without notice.

The order will be affirmed.