## Julius Heidenreich v. David C. Raggio and Joseph L. Raggio.

1. RENT—*Of Premises Let for Gaming.*—Where premises are used with the knowledge and acquiescence of the landlord for the purpose of gaming, the provision of the statute (Sec. 127 of the Criminal Code) precludes a recovery.

2. APPELLATE COURT PRACTICE—*Where the Record Fails to Present All the Evidence.*—Where the record fails to present all the evidence the Appellate Court can not disturb the judgment upon the ground that the evidence fails to support the verdict.

**Action for Rent.**—Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed May 10, 1900.

This suit was brought by appellant to recover rent and water taxes under the provisions of a written lease. The execution of the lease is admitted and the occupation of the premises by appellees. The only defense interposed was based upon the alleged fact that the premises were used, with knowledge and acquiescence of appellant, the landlord, for the purpose of gaming, and that by reason thereof the provisions of the statute precluded a recovery. The issue thus raised was submitted to a jury. The evidence was conflicting. The jury found for the defendants below, appellees, and the trial court overruled motion for a new trial and entered judgment upon the verdict.

ARTHUR C. HOFFMANN, attorney for appellant.

MEEK, MEEK, COCHRANE & MUNSELL, attorneys for appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The evidence is amply sufficient to warrant the jury in finding that the premises in question were used for gambling. The statute, Sec. 127 of the Criminal Code, and the

application of it, as announced in Ryan v. Potwin, 60 Ill. App. 637, McDonald v. Tree, 69 Ill. App. 134, and Harris v. McDonald, 79 Ill. App. 638, is very clear, where it appears that the agreement of renting is founded in contemplation of the offense prohibited.

While there was some conflict in the evidence upon the question of knowledge and acquiescence upon the part of the landlord, appellant, yet we can not say that the verdict, finding, in effect, that there was such knowledge and acquiescence, is manifestly against the weight of the evidence.

There is another, and of itself sufficient, reason why this court could not, upon review of the evidence, determine that the verdict was insufficiently sustained, viz., because the record fails to present to us all of the evidence. The lease upon which the suit was brought is omitted. But upon the merits, and after a consideration of the evidence presented, we hold the evidence to be sufficient to sustain the verdict. Therefore we can not disturb the judgment, unless there was error in procedure. The only error assigned and argued by counsel relates to the giving, refusing or modifying instructions to the jury. Without going into unnecessary discussion of these rulings, it is enough to say that the instructions fairly presented to the jury the issues and the rules of law governing. The modification complained of would tend to prejudice the appellees rather than appellant.

The judgment is affirmed.