Lloyd v. Sandusky.

---

## Henry Lloyd v. William Sandusky and Abraham Sandusky.

1. NOMINAL DAMAGES—*In Actions on Covenants for Seizin.*—Where the grantee of certain lands knew and understood at the time of the conveyance that the coal and mineral underlying the surface of such lands had previously been conveyed to and was then owned by another person by a good and perfect title, that such coal and mineral were not to pass by the conveyance and that no part of the consideration was paid or received for such coal and mineral, which should have been, but by mistake was not, expressly excepted by the terms of the conveyance, the recovery for a breach of the covenant must be limited to nominal damages.

2. PAROL EVIDENCE—*Competent to Show the Consideration Different from that Expressed in a Deed.*—In an action of covenant for seizin. parol evidence is admissible on the part of the plaintiff to show the actual consideration to have been greater than that expressed in the deed, for the purpose of increasing the damages, and on the other hand it is equally admissible on the part of the defendant to show that it was less for the purpose of diminishing such damages.

3. SAME—*Admissible in Actions on Covenants for Title, in Mitigation of Damages.*—In actions on covenants for title, it is competent for the defendant to show by parol evidence for the purpose of reducing. the damages that the part to which there was no title was included in the conveyance by mistake, and that no consideration was paid for it, but such evidence is admissible solely for the purpose of mitigating the damages and not for the purpose of negativing a breach of the covenant.

Covenant, for covenants of seizin. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed June 10, 1901.

LAWRENCE & LAWRENCE, attorneys for appellant.

H. M. STEELY and E. R. E. KIMBROUGH, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellant sued appellees in the Circuit Court of Vermilion County in an action of covenant, and recovered a judgment in his favor for one dollar damages and costs, and not being satisfied with the amount of damages awarded him, he brings the case to this court by appeal, and urges the judgment reversed upon the grounds, among others, that the court improperly overruled his demurrer to appellees' sixth amended plea to his amended declaration, and improperly awarded one dollar damages instead of the full amount claimed in the amended declaration.

The amended declaration sets up that on April 29, 1876, appellees, in consideration of $8,100 paid them by appellant, sold and undertook to convey to him by warranty deed in statutory form and of that date, the E. ½ S. E. ¼ of section 34, and the W. ½ S.W. ¼ of section 35, in township 19, range 12, in said county, which deed was recorded in the recorder's office of said county on July 29, 1876.

And also in consideration of $2,600 paid by appellant to appellees, they, on March 13, 1880, sold and undertook to convey to him by warranty deed in statutory form and of the date last aforesaid, the E. ½ S. W. ¼ of said section 35, which deed was recorded in said recorder's office on March 15, 1880. And that, by virtue of the provisions of the statute then in force, and the form of said deeds, appellees covenanted with appellant that they were well seized in fee simple, had good right and lawful authority to sell and convey said premises; that appellant should enjoy and have peaceable possession of the same, and that they would warrant and defend the title against the lawful claims of all persons whomsoever; yet they have not kept their said covenants, but have broken the same. And charges as breaches the following:

1. The appellees were not seized in fee simple, and did

not have good right and lawful authority to sell and convey the whole of said premises in this : that on May 4, 1864, one Harvey Sandusky, being then the owner in fee simple and actually possessed with good right and authority to sell and convey the whole of the premises aforesaid, upon that day, for a valuable consideration paid him by one John Faulds, did then sell, and by deed of that date in form of law to properly pass title to real estate, did convey to the latter, all the coal and mineral beneath the surface of said premises (excepting the N. W. ¼ of S. W. ¼ of said section 35), with the right to dig, mine, and remove the same therefrom, and for that purpose to sink pits and shafts thereon, with the right of ingress and egress over the surface to and from said pits and shafts, and to flow the water over the surface from said mines; which deed was recorded in said recorder's office May 14, 1866. That appellant went into actual possession of the surface of said premises, and had so possessed the same from thence hitherto. And that said coal and mineral so conveyed, was never actually taken possession of until May 1, 1897, when the Catlin Coal Company, a corporation, having become the owner in fee simple of said coal and mineral with rights and easements above mentioned by mesne conveyances from said Faulds, entered into actual possession thereof by means of a tunnel and entry extending from the coal mine of said company upon lands adjoining, and still retain such possession, and have mined and removed large quantities of coal, to wit, 50,000 tons, from said premises, to the damage of appellant.

2. And for the breach of said covenant of warranty and for quiet and peaceable enjoyment. Appellant says that on May 4, 1864, one Harvey Sandusky was seized in fee of an indefeasible estate of inheritance of all of said lands with good right and lawful authority to sell and convey the same, and upon that day, for a valuable consideration paid to him by one John Faulds, sold, and by deed, with the usual covenants, conveyed to him all the coal and mineral beneath the surface thereof, excepting, however, such as is beneath the surface of the N. W. ¼, S. W. ¼ of said section

35; which deed to said Faulds last aforesaid, was recorded in the office of said recorder on May 14, 1864. And appellant avers that upon the delivery of said deeds to him he entered into the actual possession of the surface of said lands, but that said Faulds, nor any other person or persons, ever entered into actual possession of said coal and mineral until May 1, 1897, when the Catlin Coal Company, a corporation, having become the owner in fee of said coal and mineral by *mesne* conveyances from said Faulds, entered into actual possession thereof by means of a tunnel and entry extended from a coal mine belonging to them upon lands adjoining, and dug into a vein of coal 180 feet below the surface of the said lands of appellant; and from thence hitherto have continued in such possession, and have dug, mined and removed therefrom, great quantities of coal, to wit, 100,000 tons, and by means of which premises aforesaid, appellant says that he hath been evicted and ousted from said coal and mineral conveyed to him as aforesaid, and been deprived of the quiet and peaceful enjoyment thereof, by the paramount right and title of said coal company; and appellant further avers that he only yielded to such paramount title after the same had been adjudged and determined by this honorable court in an action of ejectment in favor of said coal company wherein this appellant was plaintiff and said coal company was defendant, and of which appellee had notice to defend, etc.

By reason of the breaches aforesaid of appellees, appellant saith he hath sustained damage in the sum of $16,000, for which he sues, etc.

To the second breach of the amended declaration, appellees interposed a demurrer, which being sustained, appellant stood by his second breach, and by leave, appellees amended their sixth plea, which, as amended, is as follows:

"6th. And for a further plea in this behalf as to the first count or breach of plaintiff's amended declaration, the defendants say *actio non*, because they say that before and at the times, respectively, of making, execution and delivery of the respective deeds, and the covenants therein respectively, said plaintiff knew, and these defendants informed

Lloyd v. Sandusky.

him, that they only owned the surface of said premises, and that they derived their title thereto, by and through a deed from Joseph G. English, as assignee in bankruptcy of Harvey Sandusky, a bankrupt; and that said Harvey Sandusky had been adjudged a bankrupt on January 30, 1872, by the District Court of the United States, for the Southern District of Illinois; that previous to his being adjudged a bankrupt, he had on May 10, 1864, separated and severed the coal and minerals underlying the said premises, from the surface, and by deed conveyed said coal and minerals to one John Faulds, and that the same were then owned by one Bernice Morrison, or Bernice Morrison-Fuller, and not by these defendants; that said Harvey Sandusky and his wife, Elizabeth Sandusky, were both living, and that said wife had an inchoate right of dower in and to the surface of said premises owned by these defendants, and the defendants aver that thereupon said Henry Lloyd, for the consideration mentioned in said respective deeds, agreed to and did purchase from them, these defendants, the surface of said respective lands in said deeds described, subject to such prior conveyance of the coal and mineral thereunder by said Henry Sandusky, but with the agreement that defendants would execute to him warranty deeds so as to protect him against the dower interest of Elizabeth Sandusky, wife of said Henry Sandusky.

And the defendants further aver that under said agreement they accepted from plaintiff the considerations named in said respective deeds, and made, executed and delivered said warranty deeds, respectively, and that by mistake the reservation or exception of such prior conveyance of said coal and minerals were omitted from said deeds and each of them.

And the defendants further aver that no part of the consideration named in said respective deeds, or either of them, was paid by plaintiff or intended to be paid by him for the coal and minerals underlying said lands, or any part thereof, and that the whole of such consideration in said respective deeds was paid for the surface only, of said lands.

And the defendants further aver that plaintiff is still in the quiet, peaceable and undisputed possession of the surface of said premises under said respective deeds, and that the title thereto has not failed. And the defendants further aver that after the death of said Harvey Sandusky, these defendants, in order to protect the title to the surface of said lands in plaintiff against the dower interest of the said Elizabeth Sandusky, and to procure conveyance thereof from her in

settlement of suit, to assign dower theretofore commenced by her, were obliged and did pay to the said Elizabeth Sandusky, the sum of, to wit, fifteen hundred dollars, and did procure the conveyance of such dower interest and place the same upon record, thereby investing the dower interest of said Elizabeth Sandusky in plaintiff herein.

Wherefore the defendants say that the covenants of seizin in said respective deeds, upon which breaches are assigned, have not been broken, and the title to the premises purchased by plaintiff has not failed, and plaintiff has not been disturbed or ousted, and has not been damaged in any amount except nominal damages. And this the defendants are ready to verify, wherefore they pray judgment if the plaintiff in his aforesaid suit ought to have or maintain against them, the defendants, except for said nominal damages."

Appellant demurred generally to this plea as amended, and not having otherwise answered it, the court entered the judgment heretofore mentioned.

The plea, while somewhat loosely drawn, and containing much that might properly be omitted if attacked by special demurrer, does, in substance, set up as a defense to all the damages claimed in the amended declaration, except nominal damages, that, at the time the deeds containing the covenants sued upon were executed, and the consideration therein expressed was paid, appellant and appellees knew and understood that the coal and mineral underlying the surface of the lands described in, and conveyed by such deeds, had before then been conveyed to and was then owned by another by a good and perfect title; that appellant and appellees then knew and understood that said coal and mineral were not to pass by said deeds; and that no part of the consideration expressed in said deeds was paid or received for said coal and mineral which should have been, but by mistake was not, expressly excepted by the terms thereof, and which the demurrer admits to be true.

It is contended by counsel for appellant, that the effect of allowing that defense would be to permit appellees to alter, vary and contradict the terms of the deeds by parol, but in this we are unable to concur; for it has been held

"that in an action of covenant for seizin, parol evidence is admissible on the part of the plaintiff to show the actual consideration to have been greater than that expressed in the deed, for the purpose of increasing the damages, and on the other hand, equally admissible on the part of the defendant to show the consideration less, for the purpose of diminishing them. So it has been held admissible for the defendant to show in reduction of damages, that the part to which there was no title, was included in the deed by mistake, and that no consideration was paid for it, though it is clear that such evidence is admissible solely in mitigation of damages, and not for the purpose of negativing a breach of the covenant." Rawle on Covenants for Title (5th Ed.), Sec: 174; and Leland v. Stone, 10 Mass. 459.

And in Kinzie v. Penrose, 2 Scammon, 515, where the grantor in a deed owned a number of lots, and being anxious to get buildings started on some of them so as to be the better able to effect a sale of the others, sold one of the lots to the grantee, and in the same deed included and conveyed him an additional lot with a parol agreement that the grantee was to build a house upon the additional lot, and a bill in equity was filed to set aside the conveyance as to the additional lot, objection was made that proof of the parol agreement was not admissible, as its effect was to contradict the deed and destroy its covenants. The court in passing upon the question said:

"The admission of the parol evidence shows only that there was an additional consideration for the conveyance which existed at that time, and must naturally be supposed to enter into the inducements for the sale of the ground. Hence we are not satisfied that the parol proof should be excluded, but believe it ought to be admitted on the ground of preventing the perpetration of an imposition and act of oppression on the complainant. * * *

It was a co-existing condition at the time of the execution of the deed, resting in parol, but not inserted in the deed, because, probably, of the mutual confidence between the parties at the time, that it would be consummated in good faith."

And in Sidders v. Riley, 22 Ill. 110, in a suit upon a

promissory note given the plaintiff for the conveyance of certain land and chattel property, the defendant was permitted to show that the title to the north half of the land had failed, and the plaintiff offered to show that at the time the note was given and the deed made, he had told the defendant (grantee) that he (grantor) had no title to said north half, and that no part of the consideration for which the deed and note were given, was for said north half, but that all the consideration for the deed and note was the south half of the land conveyed and said chattel property; and that it was agreed between him (grantor) and defendant (grantee) when the deed was delivered, that defendant (grantee) should have no recourse upon the covenants in the deed, except as to the south half of the land.    The Circuit Court rejected the offered evidence, and on reviewing such ruling the Supreme Court says:

"We do not understand the testimony offered by the plaintiff in its various phases as presented by him, contravened the rule that the terms of an instrument in writing can not be varied by parol evidence.

It has been decided by this court that it is competent for a party to show a different consideration from the one stated in the deed, as between the parties to it, under peculiar circumstances.    Kinzie v. Penrose, 2 Scam. 515.    In that case the party was permitted to show that the consideration expressed in a deed for two lots of ground was, in reality, the consideration for one only.

So it is universally held that a deed absolute on its face, may be shown by parol to have been intended as a mortgage.    All that plaintiff proposed to prove was that when defendant received the deed it was with the express knowledge and understanding that the consideration of fifteen hundred dollars expressed in it applied only to the south half of the quarter section, the defendant well knowing at the time that the plaintiff had no title to the north half and did not pretend to sell and convey any title to that half. The defendant accepted the deed with that understanding, and it is competent for the plaintiff to show this by parol."

The loss of the coal and mineral in question constitute the entire injury for which appellant claims damages under the covenants sued upon, and the facts averred in the sixth

plea answer all that claim, except nominal damages, which it confesses, all of which appellant admits by his demurrer; hence the court, in entering up its judgment upon the demurrer, properly allowed only one dollar damages. Leland v. Stone, 10 Mass. 458; and Nutting v. Herbert, 35 N. H. 120.

The appellees (defendants in court below) having properly succeeded on the sixth plea, which answered the whole amended declaration, except nominal damages, were entitled to have judgment in bar of the action (Bissell v. Kankakee, 64 Ill. 249), except for the nominal damages, which the plea confesses and for which judgment was given. That makes it unnecessary for us to pass upon the rulings of the court upon the demurrer to the second breach of the amended declaration, or to the second replication to second plea, or to the fourth plea, upon which errors have been assigned and argued, since none of such rulings, however erroneous, have worked any prejudice to appellant, because upon the whole record the judgment rendered is right.

The record being free of any errors prejudicial to appellant, the judgment of the Circuit Court will be affirmed.