## William Henderson v. W. W. Tobey.

1. PAROL EVIDENCE—*Competent to Show the Consideration Different from That Expressed in the Deed.*—Parol evidence is admissible to show that the grantee agreed to pay taxes in addition to the consideration expressed in the deed.

Covenant.—To recover cost of redemption from tax sale. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge presiding. Heard in this court at the May term, 1902. Reversed and remanded with directions. Opinion filed November 1, 1902.

D. D. EVANS and G. M. McDOWELL, attorneys for the appellant.

O. M. JONES, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

On November 14, 1900, the appellant conveyed to the appellee, by statutory form of warranty deed, certain lands in Vermilion county, Illinois, for the express consideration of $28,800. At the time the deed was made, the taxes on the lands for the year 1900 had not been paid, nor had they been, at the time the deed was made, extended by the county clerk against the lands, but under our statute such taxes were at that time, a lien upon the lands.

In June, 1901, the lands thus conveyed were sold for the taxes of 1900, as such taxes had not been paid, and the appellee afterward, but before this suit was commenced, redeemed the lands from such sale, it costing him $124.30 to do so. And by this action in covenant instituted in the Circuit Court of Vermilion County by the appellee against the appellant, the former thereby sought to recover the cost of such redemption from the latter under the covenants of warranty in the deed.

The appellant pleaded especially, by three pleas, that as a part of the consideration of the deed, the appellee, knowing the taxes on the lands for 1900 were unpaid, agreed by parol with the appellant, that he (appellee) would pay the

taxes in question; and each plea confessed nominal damages of $1.

To these pleas the Circuit Court sustained a general demurrer. The appellant abided by his pleas, and the court gave judgment in favor of the appellee for the full amount of $124.30, to reverse which the appellant prosecutes this appeal, and urges that the pleas presented a good defense to the action for all but $1 damages, which they confessed; and that the court erred in sustaining the demurrer thereto and in awarding damages for more than $1.

And in that view we concur for the reasons given by us in the opinion in Lloyd v. Sandusky, 95 Ill. App. 593.

The judgment of the Circuit Court will therefore be reversed and the case remanded to that court with directions to overrule the demurrer to the pleas, and then proceed in the case as to law and justice appertain.