**Dora M. Leddy, Plaintiff in Error, v. Board of Education of School District No. 99, Defendant in Error.**

### Gen. No. 5398.

1. SCHOOLS—*when resolution does not require yea and nay vote.* A resolution ordering the discharge of a school teacher is not one "involving" the expenditure of money, as the word "involving" is to be construed as the equivalent of "requiring," and no yea and nay vote is required.

2. SCHOOLS—*when meeting of board of education deemed regular.* Special meetings of a board of education are presumed regular until the contrary is established.

3. SCHOOLS—*when discharge of teacher proper.* A teacher who is insubordinate in refusing to admit a pupil dismissed by her until the conduct of such pupil can be investigated by the board, may properly be discharged.

4. APPEALS AND ERRORS—*when reversal will not be ordered.* Notwithstanding technical error the Appellate Court will not reverse and remand a cause merely to enable recovery of nominal damages.

Action commenced before justice of the peace. Error to the Circuit Court of Bureau county; the Hon. R. M. SKINNER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

J. L. MURPHY, for plaintiff in error.

C. N. HOLLERICH and J. L. SPAULDING, for defendant in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Dora M. Leddy was employed by the Board of Education of School District No. 99 in Bureau county as teacher in the schools of said district for a period of nine months from September 1, 1908, at a salary of $50 payable at the end of each month. She did not teach after November 24, but was paid up to the first of December. In January, 1909, she brought this suit before a justice of the peace of said county to recover her December salary. From the judgment before the justice an appeal was taken to the Circuit Court of said county, and a trial there by the court without a jury resulted in a judgment against her for costs, and she sued out this writ of error to review such judgment.

The contract under which plaintiff in error was employed provided, that if, she were "dismissed * * *" for "wilful violation of the rules * * *" or "for breach of * * * contract or any other sufficient cause, * * * then she" should "have no compensation after such dismissal." On the 15th of October she had trouble with a girl pupil, sent her home and told her to stay at home until she could be obedient. She did not report the dismissal of the pupil to the superintendent of schools, or to the board of education. Neither the superintendent nor board of education, except one member of the board, the pupil's father, knew of her dismissal until November 21, when her father asked the superintendent for an explanation of her dismissal, and requested that she be taken back into the school. The superintendent, upon learning this, informed plaintiff in error that she had made a mistake in suspending the pupil and failing to report such suspension; that such a suspension amounted to an expulsion; that the power to expel or suspend pupils rested entirely with the board of education; that plaintiff in error should admit the pupil back into her grades until the matter could be investigated by

the board of education. She told the superintendent
that the pupil could not come back until she made a
public apology and gave some assurance that she would
do as she was told. The following day, plaintiff in
error still persisting in her refusal to admit the pupil,
the superintendent dismissed the pupils from the room
under the care of plaintiff in error and informed her
that she would have to see the board of education be-
fore she could teach longer. On November 24, 1908,
a special meeting of the board of education was held
at which both the superintendent and plaintiff in er-
ror were present, and each made statements to the
board. There is some conflict in the evidence as to
just what was said by plaintiff and the superintendent
in the presence of the board, but it is clear that she
was requested to take the pupil back and that she said
that she thought the girl was not acting right; that
she would not teach in the same room and have the
girl attend school. The board requested plaintiff in
error to go back and teach, assuring her that if the
board found the pupil was insubordinate they would
take proper action. Plaintiff in error refused to com-
ply with the request of the board. The board gave
her until the next day at 10 A. M. to consider the mat-
ter and report to the clerk of the board whether she
would obey its order. She on the day following, re-
ported to the clerk of the board that she would not go
back and teach under the conditions required of her
by the superintendent and the board; and the clerk
reported her refusal. On December 1, 1908, at a
special meeting of the board, a resolution was passed
discharging plaintiff in error for insubordination; and
a notice of the adoption of such resolution was served
on plaintiff in error the same day.

It is contended by plaintiff in error that she was
not legally discharged because the resolution passed
by the board was a matter involving the expenditure
of money, and was not passed by a yea and nay vote;
that the special meetings of November 24, 25 and De-

cember 1 were not legally called; that if she were legally discharged, she had entered upon her duties as teacher for the month of December and was entitled to wages for that month; if not for the month, at any rate for the 1st and 2nd school days thereof; and for that reason alone, judgment should not have been rendered against her for costs.

We are of the opinion that plaintiff in error's dismissal did not involve the expenditure of money within the meaning of the statute. The word "involving," as used in the statute, has, as we think, the meaning of the word "requiring." Plaintiff in error's dismissal stopped the expenditure of money to the extent of her salary, instead of requiring it. There is no evidence in this record that we have been able to discover that the special meetings of November 24, 25 and December 1 were not legally called. The presumption of law is that public officers, including of course members of school boards, have done their duty, and that their official acts have been regularly performed, until the contrary appears.

The record of the meeting of the board shows that plaintiff in error was discharged for insubordination. The contract under which she was employed provided that she might be discharged for a wilful violation of the rules of the board or any other sufficient cause. When she refused to obey the request of the superintendent and the board to continue teaching and admit the suspended pupil until the merits of such suspension could be investigated, she violated the rules of the board, and the board was justified in discharging her on the grounds of insubordination. In our opinion, to hold otherwise would be assuming the position that a teacher, whether competent or not, could assume control of the school affairs, disregard the orders of the superintendent and the board of education, suspend and expel pupils at will and thereby materially interfere with the proper and legal conduct of the school.

Moreover, if there had been no contract under which the board was justified in dismissing plaintiff in error, we are of the opinion that her refusal to comply with the request of the board justified the board in discharging her under the authority conferred upon them by law. Section 115, chapter 122, paragraph 3 Hurd's R. S., authorizes the board of school directors "to dismiss a teacher for incompetency  *  *  *  or other sufficient cause." Section 127, same chapter, provides "that the board of education shall have the powers of school directors, be subject to the same limitations," and paragraph 9 of the same section empowers them to "dismiss and remove any teacher whenever in their opinion he is not qualified to teach, or whenever in their opinion the interests of the school may require it."

We think that the request of the board was reasonable, and that her refusal to comply therewith justified the board in dismissing her in the interests of the school.

As stated, she did not teach after November 24, although she held herself in readiness. On the 25th of November she notified the board that she would not teach under the requirements imposed by it. By this she practically discharged herself. But if it were true as contended for in argument by counsel for plaintiff, that the board actually owed her for two days' teaching in December, that would entitle her to recover nominal damages only, and this court has frequently held that it will not reverse and remand a case where nominal damages only can be recovered.

A number of propositions of law were requested and ruled on, but as the holdings of the court thereon are not seriously questioned in argument, we deem it unnecessary to extend the opinion in a discussion of the legal accuracy of such holdings.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*