## Harley J. White, Appellant, v. Margaret Holden et al., Appellees.

1. LANDLORD AND TENANT, § 43*—*when lease is void.* A lease of premises for use as a house of ill fame with knowledge of the use to be made of the building is void as against public policy and under section 57 of the Criminal Code (J. & A. ¶ 3591).

2. LANDLORD AND TENANT, § 43*—*when landlord cannot recover on covenants of lease of premises for immoral purposes.* A tenant leasing premises for immoral purposes is not bound by the terms of the lease, where the landlord has knowledge of the use to which the premises are to be put, and the landlord cannot recover under the covenants in the lease.

3. APPEAL AND ERROR, § 1886*—*what damages are recoverable on appeal bond conditioned upon payment of rent.* Recovery may be had by a landlord knowingly leasing premises for immoral premises on an appeal bond given in forcible entry and detainer proceedings, conditioned upon the payment of all rent due or to become due until the final determination of the action, but his recovery, where he canceled the lease, is limited to the value of the premises for any lawful purpose.

4. APPEAL AND ERROR, § 1401*—*when verdict not disturbed.* The verdict of a jury approved by a trial court will not be disturbed where the evidence sustains the verdict.

5. EVIDENCE, § 430*—*when qualification of experts as to value of property for renting is established.* The qualification of witnesses as experts relative to the rental value for ordinary purposes of a house leased for the purpose of prostitution, and in a poor situation for other than such purposes, is established where it appears that two of the witnesses were real estate men, one of whom had been engaged in leasing premises for nine years and the other for eighteen years in the city, and knew the property and its surroundings, and another was a white slave officer, a lawyer who had lived in the city for twenty years and knew the property.

6. APPEAL AND ERROR, § 1885*—*when instruction on determination of rental value of premises in action on appeal bond is not erroneous.* In an action on an appeal bond given in forcible entry and detainer proceedings against a lessee using the premises for purpose of prostitution, conditioned on the payment of rent accruing until the final determination on appeal, an instruction on behalf of defendant that if they believed the lease was entered into by

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

both parties for the purpose of running a house of ill fame, then the amount of rent provided in the lease was not conclusive but the measure of damages was the reasonable value of the premises for the time they were withheld, *held* not objectionable as ignoring the original leasing, where the jury were informed in an instruction given for plaintiff that they should consider the lease in connection with the other evidence in determining the rental value of the premises.

7. APPEAL AND ERROR, § 1885*—*when instruction in action on appeal bond conditioned on payment of rent is not misleading.* In an action on an appeal bond given in forcible entry and detainer proceedings against a lessee using the premises for immoral purposes, conditioned on the payment of rent accruing until the final determination on appeal, an instruction on behalf of defendant that the only point in controversy was the amount of rent due plaintiff under the condition of the bond regarding the payment of rent, *held* not misleading, where plaintiff conceded that the costs were paid and he made no claim except for rent.

8. APPEAL AND ERROR, § 1885*—*when instruction in action on appeal bond conditioned on payment of rent does not invade province of jury.* In an action on appeal bond given in forcible entry and detainer proceedings against a lessee using the premises for immoral purposes, conditioned on the payment of rent accruing until the final determination on appeal an instruction on behalf of defendant that before plaintiff could recover he must prove by a preponderance of evidence that the premises had a rental value for legitimate purposes during the time they were withheld, and, if such proof was not made, a verdict should be returned for defendants, *held* not objectionable as conveying an inference that the court was of the opinion that the invalidity of the lease had been established instead of leaving it to the jury to determine and did not limit the jury to the character of the invalidity to be considered, especially where two other instructions defined the invalidity involved.

9. INSTRUCTIONS, § 159*—*consideration as a series.* Instructions must be considered as a series.

10. NEW TRIAL, § 3*—*when not granted.* The courts will not grant a new trial merely to permit a party to recover nominal damages.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed July 14, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

M. A. BRENNAN and STERLING, LIVINGSTON & WHITMORE, for appellant.

MURRAY & MORRISSEY and COSTIGAN & WOLLRAB, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Harley J. White began a suit in forcible entry and detainer before a justice of the peace against Margaret Holden to recover possession of certain property in the City of Bloomington, and on November 21, 1914, on an appeal to the Circuit Court, recovered a judgment for the possession of the property. The defendant perfected an appeal to this court and gave a bond in the sum of $1,000. That judgment was affirmed in October, 1915. In January, 1916, White began this suit in debt on the appeal bond to recover rent on the property for the possession of which he had recovered a judgment in November, 1914, but the possession of which defendant Holden had retained from July, 1914, until December, 1915, without paying any rent. The bond contained the usual condition that Holden "would prosecute said appeal with effect, pay all rent due or that may become due until the final determination of said appeal, pay all damages and loss which plaintiff may sustain by reason of withholding the premises in controversy," together with all costs, etc. The breaches of the bond alleged are the failure to prosecute said appeal with effect and to pay the rent that accrued during the pendency of the forcible entry and detainer suit. The defendants filed pleas of *non est factum,* performance and set-off of $169.37. A jury returned a verdict finding the issues in favor of the defendants, on which judgment was rendered and from which judgment plaintiff prosecutes this appeal.

The appellant in June, 1913, by a written lease

rented a cottage containing a parlor and eight rooms, a bathroom, a basement and an attic, to appellee Holden, under the name of Anna Gilmore, in the City of Bloomington, for two years from August 1, 1913, at a rental of $150 a month payable monthly in advance. The appellant began the forcible entry and detainer suit "for the reason that the premises are not used for legitimate purposes." The evidence shows that appellee Holden, for several years before, and at the time of the making of the lease, was an inmate of a house of prostitution, and that Bloomington had a segregated district, which, at the time of making the lease and down to the time appellee Holden vacated the cottage, was under the supervision of an officer in the Department of Justice of the United States, usually known as the government white slave officer. The appellant went to appellee in a house of prostitution to negotiate for the lease that he made to her of the cottage, which he was then building between two other houses of ill fame, that were owned by him, and across the street from which were other sporting houses. From all the evidence in the case there is no doubt of the fact that the lease between the parties was made with the knowledge of appellant that it was to be used for the purpose of keeping a house of ill fame, and the appellant does not deny that that was the purpose of the lease.

It is stipulated that appellee had paid all costs occasioned by the appeal and that the only damages sought to be recovered are for rent of the seventeen months that appellee occupied the cottage prior to the affirmance of the forcible entry and detainer case by this court. The only evidence introduced by appellant concerning the damages from loss of rent was the lease and that no rent had been paid after the bond sued on was given. The appellee proved by the white slave officer and two real estate men that the cottage, be-

cause of its surroundings, had no rental value for any legitimate purpose.

Appellant having knowingly leased the cottage for use as a house of ill fame, the lease is void for any purpose both because of public policy and the statute. (Section 57 of the Criminal Code, J. & A. ¶ 3591.) The appellee was not bound by the terms of the lease and appellant could not recover under the covenants of the lease. *Fields v. Brown,* 188 Ill. 111; note to *Harbison v. Shirley,* 19 L. R. A. (N. S.) 662 [139 Iowa 605]; *Harris v. McDonald,* 79 Ill. App. 638; *McDonald v. Tree,* 69 Ill. App. 134.

This suit is not on the lease but on the bond to recover damages sustained because of nonpayment of rent. The appellant having canceled the lease, which was made for an illegal purpose and void, he was entitled to recover on the bond the rental value of the premises for any legitimate purpose. The proof showed it had no rental value for any lawful purpose because of its situation. This court will not interfere with the verdict of a jury approved by the trial court where the evidence sustains the verdict.

It is urged that the court erred in the admission of evidence offered by appellee concerning the rental value of the premises because the witnesses did not qualify as experts. Two of the witnesses are real estate men, who had been engaged in leasing property in Bloomington, one for nine years and the other for eighteen years, and knew the property and its surroundings. The third witness is the white slave officer, a lawyer who had practiced in Bloomington twenty years and knew the property, and no objection was made to his evidence on that question. There is no error in the rulings on evidence.

The court at the request of appellee, in instruction B, informed the jury that if they believed the lease was entered into by both the parties for the purpose of run-

ning a house of ill fame, then the amount of rent provided in said lease is not conclusive on the defendant, but the measure of damages, if the jury found for the plaintiff, is the reasonable rental value for legitimate purposes of the premises in question for the time they were withheld. It is said this instruction ignores the original leasing. The jury were told at the request of appellant that they should consider the lease in connection with all the other evidence in the case in determining the rental value of the premises. There was no error against appellant in the instructions as to the evidence to be considered on the measure of damages.

Appellant also argues that instruction A erroneously told the jury that the only point in controversy was the amount of rent due appellant from appellees under the condition of the bond regarding the payment of rent, and that this instruction misled the jury. Appellant concedes the costs had been paid and makes no claim for anything other than rent. The jury could not be misled by the instruction. It is also argued that instruction K is erroneous. It told the jury that if they believed the lease offered in evidence was invalid, then before appellant is entitled to recover he must prove by a preponderance of the evidence that the premises had a rental value for legitimate purposes during the time they were withheld, and if the appellant had failed to make such proof the verdict should be for appellees. It is said this instruction conveys an inference, at least, that the court was of the opinion that the invalidity of the lease had been established instead of leaving it to the jury to determine, and did not limit the jury as to the character of the invalidity to be considered. Instructions B and C define the invalidity involved, and the instruction complained of left it to the jury to find from the evidence whether the invalidity as defined had been proved. The instructions were given and are to be considered as a series, and there is no error in the instructions.

It is also argued that the court erred in refusing to give two instructions which state that the rent stipulated in the lease was the measure of damages that the plaintiff was entitled to recover. What has been said on the merits of the case fully answers this contention.

Appellant was entitled to nominal damages because the appeal was not prosecuted with effect, if there had not been evidence tending to show appellee Holden was entitled to a set-off. The rule is settled in this State, however, that courts will not grant a new trial merely to permit a party to recover nominal damages. *Comstock v. Broeseau,* 65 Ill. 207; *People v. Petrie,* 191 Ill. 497. There is no reversible error in the case and the judgment is affirmed.

*Affirmed.*