Henry Barnett, Jr., Plaintiff in Error, v. Lacy Hubbard, Defendant in Error.*

1. DEEDS—*admissibility of parol evidence to show part of consideration.* Parol evidence is admissible to show that the grantee in a deed agreed to pay taxes which were a lien on the property conveyed at the time of conveyance, as part of the consideration therefor.

2. NEW TRIAL—*not granted to permit recovery of nominal damages.* A new trial will not be granted to permit recovery of merely nominal damages for a technical breach of the covenants of a deed against incumbrances.

* Received from clerk of Appellate Court, August 8, 1927.

Error by plaintiff to the Circuit Court of Saline county; the Hon. A. W. Lewis, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed November 10, 1921.

Summers & Summers, for plaintiff in error.

D. F. Rumsey, for defendant in error.

Mr. Justice Barry delivered the opinion of the court.

Defendant in error conveyed certain premises to plaintiff in error by a statutory warranty deed in which nothing was said about the taxes for the year 1919 which were then a lien. Plaintiff in error sued to recover the amount of the taxes, $25.79, and the verdict and judgment were against him.

His sole contention is that the court erred in admitting parol evidence to the effect that at the time of the sale and conveyance it was verbally agreed between the parties that plaintiff in error should pay the taxes in question as a part of the consideration. In our opinion the court committed no error in that regard. *Brosseau v. Lowy,* 209 Ill. 405; *Henderson v. Tobey,* 105 Ill. App. 154.

Even though there was a technical breach of the covenant against incumbrances the law is well settled that courts will not grant a new trial merely to permit a party to recover nominal damages. *Comstock v. Brosseau,* 65 Ill. 39; *People v. Petrie,* 191 Ill. 497–515; *White v. Holden,* 206 Ill. App. 567; *Leddy v. Board of Education,* 160 Ill. App. 187; *Morris v. Vulgamott,* 158 Ill. App. 434; *Thren v. Ames,* 149 Ill. App. 147.

As the record is free from reversible error the judgment is affirmed.

*Affirmed.*