PORTER S. WEST

*v.*

JAMES S. CARTER.

*Filed at Ottawa June 15, 1889.*

129 249
33a 349

129 249
35a 499

129 249
142 139

129 249
79a 641

129 249
e98a ³627
e98a ⁴628
98a ²629

129 249
e194 ³ 80

129 249
204 ²354
204 ²355
107a ²365
107a ²366
107a ³367

1. GAMBLING CONTRACTS—*what will constitute—as to premiums by agricultural societies, etc.* Agricultural societies, stock and other associations, organized for the purpose and having for their object, among others, the improvement of domestic animals, and to induce competition and rivalry in their importation and development, may offer premiums or purses to exhibitors of such animals, without being guilty of violating the Criminal Code. But the law will not tolerate any shift or device upon the part of such associations or individuals whereby gambling is intended or permitted.

2. SAME—*judgment upon a gambling contract—void.* A judgment rendered upon any promise or other contract, when the whole or any part of the consideration thereof shall be for any money, property or other valuable thing won by any gaming, or by wager or bet upon any race, etc., is made, by section 131 of the Criminal Code, not only voidable, but absolutely "void and of no effect," whether confessed or otherwise; and such judgment can not be vitalized by the action of any court.

3. SAME—*jurisdiction in chancery—whether defeated because of a legal defense neglected.* In such a case, the rule that courts of chancery will not take jurisdiction when there was a valid defense or remedy at law, must yield to the requirements of the statute. It therefore makes no difference that a defense was, or might have been, made in the suit at law to recover upon the illegal contract.

4. SAME—*who may complain, as a "person interested."* Section 135 of the Criminal Code, giving courts of equity jurisdiction to set aside contracts, etc., made contrary to the provisions of that code, limits its power to grant relief to bills filed for that purpose by the person executing such contracts, or by his executors or administrators, or by any creditor, heir, devisee, purchaser, "or other person interested therein, or, if a judgment, the same may be set aside on motion of any person aforesaid," etc.: *Held*, that the voluntary surety on an appeal bond given on appeal from a judgment on a gambling contract, is not a "person interested therein," and therefore can not maintain a bill to set aside such judgment.

APPEAL from the Appellate Court for the First District ;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

At the June meeting of the Chicago Driving Park Association, the association advertised to give a purse of $300 to a class of horses known as "gentlemen's roadsters," to be owned in Cook county, and to be driven by the owner. An entrance fee of $15 was charged, which was to be added to the purse given by the association, and the whole to be divided into four prizes, the horse taking three heats to receive fifty per cent of the purse; the second, twenty-five per cent; the third, fifteen per cent; and the fourth, ten per cent,—the trotting to take place at the driving park grounds, and to be under the rules of the National Trotting Association. West and three others made entries of horses, and paid the entrance fee of $15 each, which, added to the $300 contributed to the purse by the driving park association, made $360. At the meeting, West claimed that the horse entered by him won, and was entitled to the first money, which being disputed by the officers of the association, West brought suit before a justice of the peace, and recovered judgment for fifty per cent of the purse, or $180, from which judgment the driving park association appealed to the circuit court of Cook county, filing the statutory appeal bond, with appellee, James S. Carter, as security, which was approved. In the circuit court, the appeal was subsequently dismissed for want of prosecution, and *procedendo* awarded, etc. The judgment not having been paid, West brought suit on the appeal bond, in debt, in the Superior Court of Cook county, making the driving park association and Carter defendants. Carter alone appeared, and pleaded that the judgment rendered by the justice was founded upon a gambling contract,—that is, upon a horse race,—and that the judgment and bond were void, and that the said judgment was based upon a gambling contract,—that is, a wager upon a horse

race; that the judgment was obtained by default, and that it was by mistake that no defense was made, etc. Replication was filed denying that the judgment was founded upon a gambling contract. Upon the issue thus presented, the Superior Court found for the defendant, and rendered judgment against West for costs, which judgment was, on appeal to the Appellate Court for the First District, reversed, and the cause remanded, that court holding that Carter could not interpose that defense at law. Thereupon Carter filed this bill, setting up in detail the facts, the substance of which is before given, and alleging also that West's claim to the money was false and fraudulent; the decision of the proper authorities at the race that West had won no money; that there was no other consideration for the judgment, and that it was void under section 131, chapter 38, of the Revised Statutes, and that the bill is filed in pursuance of the provisions of section 135 of that chapter; prayer that West be compelled to cancel the appeal bond; that the judgment be declared void, and that West be enjoined from taking judgment, etc., on the bond. A demurrer to the bill was overruled, and West answered, by which he denies that the contract upon which said justice's judgment was rendered was a gambling contract; admits the facts, as stated in the bill, with reference to the contract upon which the judgment was founded, except that the $15 paid by the parties entering was the entrance fee, and said fee so paid was for the privilege of entering said horses at said trotting meeting, and in said trotting meeting no other horses were permitted to enter but horses known as "gentlemen's roadsters" of Cook county, Illinois; that West entered and paid his entrance fee, and won the first money fairly, and it is immaterial what the association decided as to whether West's horse won or not, the judgment is conclusive; denies that said justice's judgment is void under the statute; denies that Carter is entitled to any relief, and prays the same advantage of this answer as if he had demurred. A decree was rendered, find-

ing that the cause of action upon which the justice's judgment was rendered was a gaming contract, the judgment declared invalid, the appeal bond void, and perpetually enjoining West from prosecuting suit thereon. On appeal to the Appellate Court but two of the judges of that court were competent to sit in its determination, and they dividing, the decree was affirmed. West prosecutes this appeal.

Messrs. JONES & LUSK, for the appellant:

The statute contemplates the giving of·a judgment voluntarily. *Wilkerson* v. *Whitney*, 7 Mo. 295; *Mallett* v. *Butcher*, 41 Ill. 382.

The complainant has no interest in this judgment, and can not maintain the bill. Criminal Code, sec. 135.

We say the judgment was not based upon a gambling transaction. The only question to settle is, was the money claimed in the judgment, won by a wager or bet. We respectfully call the attention of the court to the following authorities: *Wilson* v. *Conlin*, 3 Bradw. 517; *Alvord* v. *Smith*, 63 Ind. 58; *Mullen* v. *Driving Park*, 64 id. 202.

Messrs. DOW & BURNHAM, for the appellee:

The statute is not limited to judgments by confession, but applies to all judgments on gambling contracts. *Mallett* v. *Butcher*, 41 Ill. 382; *Lucas* v. *Nichols*, 66 id. 41.

The case of *Wilkerson* v. *Whitney*, 7 Mo. 295, is no authority for this case, because, at the time of its decision, not only had the clause of the statute giving courts of equity jurisdiction in such cases been repealed,—thus, by implication, limiting parties to strict legal defenses,—but, by express provision of the statutes then in force, chancery jurisdiction in Missouri was limited to cases wherein parties had not adequate relief at law. Rev. Stat. Mo. 1835, p. 506.

The Gaming act in the Revised Statutes of Missouri of 1825 is precisely the same as ours. It makes no difference that

the bill is not filed by the defendant in the judgment. The statute says, any person interested. Is not one who may be compelled to pay the judgment, interested?

Mr. CHIEF JUSTICE SHOPE delivered the opinion of the Court:

July 12, 1884, appellant, West, recovered a judgment before a justice of the peace of Cook county, against the Chicago Driving Park Association, a corporation organized under the laws of this State, from which the association appealed to the circuit court of that county, filing appeal bond in compliance with the statute, with appellee as security thereon, properly approved. On the 15th day of June, 1885, the appeal was dismissed by the circuit court for want of prosecution. Suit having been brought upon the appeal bond, appellee alone filed this bill, under, as it is alleged, section 135 of the Criminal Code, seeking to have said judgment declared void, and to perpetually enjoin further proceedings to enforce liability upon said appeal bond, upon the ground that the cause of action for which the judgment appealed from was recovered was a gambling contract.

We should perhaps notice the contention of counsel for appellant, that sections 131 and 135 of the Criminal Code can have no application to judgments unless rendered by confession,—that is, these sections of the statute, in their applications to judgments, affect only such as result directly from the voluntary act of the defendant, and not "adversary" judgments. We are not prepared to so restrict the operation of this statute. By section 131, "all promises, notes, bills, bonds, covenants, contracts, agreements, judgments, mortgages, or other securities or conveyances made, given, granted, drawn or entered into, or executed by any person whatsoever, where the whole or any part of the consideration thereof shall be for any money, property or other valuable thing won by any gaming, * * * or by wager or bet upon any race," etc., are

made, not only voidable, but absolutely "void and of no effect." Being void, it is not in the power of the party to whom made, granted, given or executed, or in whose interest they are drawn or entered into, to give the contract validity. Nor can the court, at the instance of such party, any more than it could by the confession or consent of the defendant, vitalize the contract, and by its judgment defeat the effectiveness of the proceeding in equity authorized by the 135th section of the statute to set aside the void contract. So it has been held that a draft given in payment of a gambling debt is void in the hands of a *bona fide* holder. (*Chapin* v. *Dake,* 57 Ill. 295.) And where a judgment had been obtained at law upon a promissory note given for money won at gaming, it was held, upon bill filed by the maker under section 135 of the act, that the judgment was void, and it was accordingly set aside. (*Mallett* v. *Butcher et al.* 41 Ill. 382.) It was there said : "It was the intention of the legislature to make all judgments, like the contracts on which they are founded, absolutely void,—of no vitality,—and they can not be vitalized by the action of any court." This being so, it can make no difference that a defense was or might have been made in the suit at law to recover judgment upon the illegal contract. The rule in equity, that courts of chancery will not take jurisdiction where there is an adequate defense or remedy at law, must yield to the requirements of this statute, that relief may be granted in a court of equity to vacate and set aside judgments and contracts obtained in violation of this provision; and it was so held in the case last cited, overruling *Abrams et al.* v. *Camp,* 3 Scam. 290.

It would perhaps be difficult, upon this record, to determine, as a question of fact, whether the money claimed by West (plaintiff in the common law suit) was won upon a wager or bet, or whether the transaction was gambling, within the meaning of this statute, nor, in the view we entertain, will it be necessary to a decision of the cause. Agricultural societies, stock and other associations organized for the purpose, and

having for their object, among others,. the improvement of
domestic animals, and to induce competition and rivalry in
their importation and· development, may offer premiums or
purses to exhibitors of such animals, without being guilty of
violating the Criminal Code.  On the other hand, the law will
not tolerate any shift or device upon the part of any associa-
tion or individual, whereby, under the pretense of bettering the
condition or developing and improving the stock, gambling is
intended or permitted.  But, as already said, a determination
of that question here is unnecessary, for if it be conceded that
the contract upon which the judgment at law was based was
void, because a gambling contract, this bill can not be main-
tained.

Section 135 of the Criminal Code is as follows:  "All judg-
ments, mortgages, assurances, bonds, notes, bills, specialties,
promises, covenants, agreements, and other acts and deeds,
securities and conveyances, given, granted, drawn or executed
contrary to the provisions of this chapter, may be set aside
and vacated by any court of equity, upon bill filed for that
purpose by the person so granting, giving, entering into or
executing the same, or by his executors or administrators, or
by any creditor, heir, devisee, purchaser, or other person in-
terested therein; or, if a judgment, the same may be set aside,
on motion of any person aforesaid, on due notice given."

It is not contended that the complainant in this bill (appel-
lee here) ·falls within either class of persons designated who
may file a bill under this statute, unless it be the latter—"or
other person interested therein."   It is not alleged in the bill,
or shown, that appellee is an officer, stockholder or creditor
of the driving park association, (defendant in the common law
judgment,) or in any way interested in the driving park or its
estate, assets or funds, or in the judgment rendered against it.
The collection of the judgment in favor of West, against the
driving park association, would in no way affect appellee, or
any estate or fund to which he had any right or in which he

had any interest, until he voluntarily became security upon the appeal bond entered into by the driving park association to enable it to re-try its cause in the circuit court, as it might do under the statute. In no sense can appellee be said to be a person "interested," either in the original contract or in the judgment rendered thereon by the justice of the peace, within the contemplation of the section of the statute quoted. In respect of this judgment he was a mere volunteer, who, at the instance of the defendant, voluntarily obligated himself to pay the judgment rendered against his principal by said justice, and all costs occasioned by the appeal, in case the appeal was dismissed in the circuit court, as we have seen was done. It can not affect the standing of appellee, or discharge his obligation, that his principal might, either at law or in equity, have avoided the judgment. It is sufficient to say that the principal has not sought to do so, either upon motion or by bill, and the appeal having been dismissed, appellee's liability upon his bond became fixed, upon non-payment of judgment and costs by his principal, against which liability a court of equity is not authorized, either by this statute or by its general powers, to relieve him.

We are of opinion that the Superior Court erred in decreeing relief to appellee upon his bill, and that the Appellate Court erred in affirming the same. The judgment of the Appellate Court and decree of the Superior Court are reversed, and the cause remanded to the Superior Court, with instructions to enter a decree dismissing the bill.

*Judgment reversed.*