### B. M. SHAFFNER

*v.*

### P. B. S. PINCHBACK.

*Filed at Ottawa June 12, 1890.*

1. GAMING—*betting on a horse race—contract void.* Betting money on a horse race is gaming, and in violation of law, and a contract in aid of the offense of gaming is prohibited by statute, and void, and no recovery can be had on it.

2. So where two persons contribute money, to be used by one of them for the purpose of betting or wagering the same on horse races, or if they are partners in the business of betting on horse races, and the money advanced by the plaintiff to the defendant is in furtherance of such business, the plaintiff can not recover of the defendant any money so contributed or advanced.

3. And generally, where persons engage in an unlawful business, as, betting on horse racing, so that they are *in pari delicto*, the law will not assist either one, but leave them where they have placed themselves.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. B. M. SHAFFNER, *pro se.*

Mr. JUSTICE BAKER delivered the opinion of the Court:

This is an action brought by Shaffner, against Pinchback, to recover the sum of $1000, alleged to have been loaned by the former to the latter. Upon trial in the circuit court, verdict was rendered for the defendant, and judgment entered thereon. On appeal to the Appellate Court the judgment was affirmed, and the cause is brought to this court by writ of error.

The evidence introduced at the trial by plaintiff in error tended to prove, that on August 16, 1886, he loaned to defendant in error the sum of $1000, and that the latter was to pay him, for the use of said money, one-half of the net winnings of a certain "book making" business at horse races, to be conducted and managed by defendant in error. It also tended to prove that said business was a success, and won money at the Saratoga races. The evidence offered by defendant in error tended to prove, that the parties each contributed $1000, to form a capital of $2000, to be used in the business of "making books" on horse races; that book making consists of taking and paying wagers on such races; that the parties were partners in such venture, and that the $2000, with the exception of $30, had been lost on wagers, and that he had retained the $15, that would otherwise be going to plaintiff on an indebtedness which was due and unpaid.

It is claimed that the two instructions given at the instance of the defendant were erroneous. Those instructions were as follows:

"1. The court instructs the jury, as a matter of law, that if they believe, from the evidence, that the plaintiff and the defendant in this suit put together the sum of $1000 each, for the purpose of betting and wagering the same on horse races, then the jury will find the issues for the defendant.

"2. The court instructs the jury, as a matter of law, that if they believe, from the evidence, that the plaintiff and the

defendant were co-partners in the business of making books on horse races, and that the money given the defendant by the plaintiff was in furtherance of said partnership business of book making on horse races, then the jury will find for the defendant."

That betting money on a horse race is gaming, and in violation of law, was decided in *Tatman* v. *Strader*, 23 Ill. 494, and that a contract in aid of the offense of gaming, which is prohibited by statute, is void, and can not be recovered upon, was held in *Mosher* v. *Griffin*, 51 Ill. 184. It is probable that the instructions complained of would have been proper enough if they had been predicated only upon the testimony introduced by the plaintiff. But waiving that question, they were based upon the theory of the facts that the defendant's evidence tended to prove, and were fully justified by that evidence.

It is suggested that defendant occupied the position of a stakeholder, and the well recognized rule that money may be recovered by the depositor from the stakeholder, if it has not been paid over, is sought to be invoked,—hence, it is said, these instructions were erroneous, in that they ignored the question whether the money was lost on the bets, and had been paid out by the defendant. The evidence for defendant was to the effect the venture in which plaintiff's $1000 was invested was a joint or partnership venture, each of the parties contributing one-half of the capital, and that they were to divide the proceeds equally. If this be true, defendant was not a stakeholder, but a partner of the plaintiff in the book making business.

It is urged that the view that defendant can keep the $1000 furnished by plaintiff, without any consideration therefor, is so opposed to reason and conscience as to be untenable. The judgments of the trial and of the Appellate Courts are conclusive of the fact that plaintiff and defendant jointly engaged in a business which was in violation of law. They were, in respect to such business, *in pari delicto,* and the law will refuse

its aid to assist either, but will leave them in the positions in which they have placed themselves. Plaintiff in error having embarked his money in an enterprise prohibited alike by the statute, by good conscience and by public policy, placed himself and his money outside of the pale of the law, and if he has been despoiled by the failure of his associate to account for the funds placed in his hands for the purpose of carrying on the unlawful business, then both good morals and public policy require that the law should not aid him. We find no error in the instructions of which complaint is made.

The judgment is affirmed.

*Judgment affirmed.*