JOSEPH ELDER ET AL.

v.

GERTRUDE S. TALCOTT.

*Gaming—Options—Negotiable Instruments—Note—Criminal Code, Sec. 132.*

1.    Margins advanced to brokers on contracts made to be settled on differences may be recovered from the person or persons to whom they were paid.

2.    Upon a bill filed to enjoin an action at law on a promissory note made by the complainant to defendants, and to recover a sum paid by the complainant to defendants on the ground that said note had been given and said money paid by said complainant to indemnify and recompense said defend-

an!s for losses incurred by complainant to them in wagering or gambling contracts made for the purchase and sale of grain, it being alleged to have been agreed and understood that the dealing should be in differences, and that no grain should be received or delivered on such contracts, this court declines, in view of the evidence, to interfere with the decree for the complainant.

[Opinion filed December 7, 1891.]

IN ERROR to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. D. M. KIRTON, for plaintiffs in error.

Mr. JOHN E. BURKE, for defendant in error.

MORAN, J. This was a bill filed to enjoin an action at law on a promissory note made by the complainant to defendants, and to recover back $2,131 paid by said complainant to defendants on the ground that said note had been given, and said money paid by said complainant to indemnify and recompense said defendants for losses incurred by complainant to them in wagering or gambling contracts made for the purchase and sale of grain, it being agreed and understood between the parties that the dealing should be in differences and that no grain should be received or delivered on such contracts. The action at law upon the note was tried pending this suit in equity, and upon its determination a supplemental bill was filed setting up the result of the action at law. This case was heard by the chancellor on the following stipulation as to the facts:

"It is hereby admitted, in the above entitled cause, that the complainant herein made her promissory note to the defendants herein for the sum of $2,000, and paid to the defendants herein the sums of $1,800 and $331 at the times alleged in complainant's original bill, and for the purpose of indemnifying and securing the defendant against losses which they had or might sustain in the grain transactions in question. It is admitted that the grain contracts in question were made and entered into by the defendants in their own name.

Elder v. Talcott.

"It is admitted that in the suit at law mentioned in complainant's supplemental bill in this cause, issue was joined, verdict and judgment were rendered, and proceedings were had as alleged and set forth in said supplemental bill.

"It is admitted that the question and issue as to whether the grain transactions in question were gambling transactions were submitted to and passed upon by the jury in said suit at law.

"It is also admitted that prior to the commencement of this suit, to wit, on January 23, 1889, the complainant herein made a demand upon said defendants for the return to her of said promissory note, and for the said money paid by her to said defendants.

"It is hereby stipulated that if the testimony is admissible in this cause, the defendants will testify that before the commencement of this suit and before demand was made upon them, as alleged in the original bill, the said defendants, as the brokers of the complainant, paid to other brokers the sum of $4,131, said payment being for losses incurred in the grain transactions in question. The complainant reserves the right to object to said testimony and specify any legal ground of objection to its introduction."

The court decreed in favor of complainant for the said amount of money paid over to the defendants and interest thereon.

It is contended here that plaintiffs in error can not be held to be "winners" of the money within the meaning of Sec. 132 of the Criminal Code; and to sustain this contention, Higgins v. McCrea, 116 U. S. 671, White v. Barber, 123 U. S. 392, and the case of Watte v. Costello, 40 Ill. App. 307, are cited. In the case last cited plaintiff was not suing under said Sec. 132 to recover money lost in gambling deals in grain, and no point was made as to who was the winner.

The instruction approved in said case was too broad in declaring that if the transactions conducted by the parties were gambling transactions, plaintiff could not recover for any margins advanced by him. We did not intend to hold that margins advanced to brokers on contracts made to be settled on differences could not be recovered back from the person

or persons to whom they were paid, and if such a meaning is to be drawn from the case, it must be regarded as not expressing the law as understood by this court. Whatever may be argued as the rule from the case decided by the Supreme Court of the United States, we are bound by the decisions of our own Supreme Court construing our statute. Pearce v. Foote, 113 Ill. 228, is decisive of the question now made. As here, the contracts were entered into by the brokers in their own name, and every view suggested herein by counsel for the plaintiff in error is taken up, considered and over-thrown by the court.

In obedience to the law as laid down in that case, the judgment of the Circuit Court must be affirmed for the amount thereof after deducting the amount remitted by the voluntary action of appellee in this court. The decree is affirmed for $2,131, and appellee will pay the cost in this court.

*Decree affirmed.*

GARY, J. I concur solely upon the ground that the Supreme Court have in the case cited defined the word " winner " as used in Sec. 132 of the Criminal Code.

Whether Shaffner v. Pinchback, 133 Ill. 410, conflicts with that decision, I do not feel at liberty to inquire.