JOHN T. BODDIE

*v.*

THE BREWER & HOFMANN BREWING COMPANY *et al.*

*Opinion filed October 26, 1903.*

1. RES JUDICATA—*when judgment for rent is not res judicata.* Under sections 127 and 135 of the Criminal Code a judgment for rent for premises knowingly leased for a gambling house may be set aside in equity, where the defense of illegality was not made in the suit for rent, although the defendant was aware of the facts.

2. EQUITY—*equity will not aid in recovering payments under illegal lease.* Equity will not aid a lessee to recover payments made by him under a lease knowingly made by the lessor for a gambling house, in violation of the Criminal Code, even though payment was coerced by an execution issued upon a judgment for rent.

*Boddie* v. *Brewer & Hofmann Brew. Co.* 107 Ill. App. 357, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

LOESCH BROS. & HOWELL, for appellant.

EDWARD MAHER, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the circuit court of Cook county setting aside two judgments of the superior court of the said county, one for $1750, rendered March 13, 1897, and one for $5794.42, rendered March 16, 1899, the former of which had been affirmed by the Appellate and Supreme Courts. The judgments were for installments of rent due upon a lease executed by the appellant to the appellee company and others, bearing date February 3, 1893, of the premises known as 130 South Clark street, in the city of Chicago. The lease stated

the premises were to be used for saloon purposes only. It was, however, averred in the bill that the purposes for which the premises were to be used were not truthfully stated in the lease, but that the same were to be used as a gambling house, and that they were so used by the lessees with the knowledge and consent of the lessor.

Two propositions only are asserted by the appellant and urged in his brief as grounds for a reversal: First, the weight of the testimony does not support the finding of the decree that the premises named in the lease were rented for gambling purposes; second, appellees' liability to pay the two judgments in question is *res judicata*, and equity cannot grant relief therefrom.

We have read the record with care, and are of the opinion the chancellor was justified in finding the premises were rented to be used as a gambling house, and were used as a gambling house with the knowledge and consent of the appellant. A review of the testimony of the witnesses who testified upon that subject, who were numerous and whose testimony was conflicting, would serve no useful purpose. Where the hearing, as here, was in open court, and the testimony of the witnesses, who were numerous, was conflicting, a court of review will not reverse for error of fact, unless the error is palpable. *Fabrice v. Von der Brelie*, 190 Ill. 460.

The appellees, when sued, appeared and filed pleas to each of the actions in which the judgments sought to be set aside were recovered, and said judgments were each based upon the verdict of a jury after a trial. The defenses, however, interposed were other than that said premises were leased for the purpose of carrying on therein a gambling house, and the defense that said premises were leased for that purpose was not interposed until the filing of this bill. In *Harris v. McDonald*, 194 Ill. 75, it was held that under sections 127 and 135 of the Criminal Code, which make it a penal offense to knowingly rent property for use as a gambling house and

204—23

provide that all judgments recovered upon agreements entered into contrary to the provisions of the act of which those sections form a part may be set aside in equity, equity has power to set aside a judgment recovered upon a lease of property for use as a gambling house where the legality of the contract was not set up or adjudicated in the suit at law. In that case the judgment debtor did not know that the premises were knowingly leased for a gambling house before the judgment sought to be set aside was rendered, while here it did. As the defense could have been interposed in the actions at law in which the judgments sought to be set aside were rendered, did the fact that the appellee company knew the premises were leased for use as a gambling house make it necessary that it should plead that fact when sued for rent upon the lease, or could it appear and interpose other defenses to the actions, and, after judgments had been rendered against it, raise the question that the premises had been leased for use as a gambling house, by bill in equity to set aside the judgments? We think, under the authority of *Mallett* v. *Butcher*, 41 Ill. 382, *Lucas* v. *Nichols*, 66 id. 41, *West* v. *Carter*, 129 id. 249, and *Harris* v. *McDonald*, *supra*, it could. In the *Mallett case*, which was a bill in equity to set aside a judgment on a note given for money lost at gambling, it was said (p. 385): "Great reliance is placed on the case of *Abrams* v. *Camp*, 3 Scam. 290, where, under this same law, this court held that relief in such case would not be granted against a judgment at law when a party permitted a judgment to pass against him without setting up his defense. We cannot receive this as the rule in cases arising under this statute. That is *sui generis*, and provides for special cases, and must be executed with reference, alone, to itself, and under it we are free to say, that neglecting to set up the statute at law does not preclude a party claiming the benefit from a resort to chancery for relief. It was the intention of the legislature to make all judgments, like the contracts

on which they were founded, absolutely void,—of no vitality,—and they cannot be vitalized by the action of any court." And in the *West case* the court said (p. 254): "It can make no difference that a defense was or might have been made in the suit at law to recover judgment upon the illegal contract." And in the *Harris case*, which was the last expression of this court upon the subject, it is said (p. 80): "It is not a sufficient defense to the bill to prove that the complainant appeared and defended in the suit at law in which the judgment was rendered, it appearing that the illegality of the contract, under the statute alleged in the bill as a ground for relief, was not set up or adjudicated in the action at law."

In the cases above referred to, the general doctrine is recognized that where a party has a defense to an action at law and he fails to make it or fails to bring forward his entire defense, a court of equity will not relieve him, but it is said cases falling within the statute passed for the purpose of prohibiting gambling are, by force of section 135 of that statute, taken out of the general rule.

The appellee company has assigned as cross-error the action of the court in refusing to decree to it the re-payment of certain sums of money which it had been forced to pay the appellant upon executions issued upon certain other judgments recovered against it for prior installments falling due as rent by the terms of said lease. The court did not err in declining to decree the re-payment of said sums to the appellee. The appellee having knowingly entered into a lease prohibited by the Criminal Code, a court of chancery will leave it where it finds it, and will not interpose to assist it in recovering back money paid by it in furtherance of such unlawful leasing, although the payment was coerced by an execution issued upon a judgment at law. *Shaffner v. Pinchback*, 133 Ill. 410.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*