### Michael Ryan v. Patrick Allen.

ASSUMPSIT—*when does not lie to recover money paid under void contract.* A contract by which the owner of property adjoining a street demises the use of a portion of such adjoining street, is contrary to public policy and void, even though the lessor and lessee at the time of making the lease believed it to be valid. Money paid under such a contract, whether for an expired or unexpired portion of the term created, cannot be recovered back— the law will leave the parties where they have placed themselves.

Ryan v. Allen.

Assumpsit.   Appeal   from   the   Circuit   Court   of   Sangamon
county;  the  Hon.  JAMES  A.  CREIGHTON,  Judge,  presiding.   Heard
in  this  court  at  the  May  term,  1907.   Affirmed.   Opinion  filed  De-
cember  7,  1907.

GEORGE W. KENNEY, for appellant.

JOHN W. SHEEHAN and SHUTT, GRAHAM & GRAHAM,
for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of
the court.

This is an action in *assumpsit* by Michael Ryan
against Patrick Allen, for the recovery of money
alleged to have been paid by the plaintiff to the de-
fendant without any consideration therefor. The dec-
laration consists of one count, to which the court sus-
tained a general demurrer. The plaintiff elected to
abide by his declaration, whereupon the court entered
judgment in bar of the action. The sole question pre-
sented for review is as to the legal sufficiency of the
declaration.

The declaration first alleges, in substance, the exist-
ence of an ordinance of the city of Springfield which
provides that whoever shall place or set upon any
sidewalk in said city, any goods, wares or merchan-
dise, except within three feet of the outer edge of said
sidewalk, or shall place or erect any show-case or
other fixtures projecting into or hanging over any
sidewalk exceeding said three feet, or shall encumber
or obstruct more than said three feet of the outer
edge of said sidewalk with any goods or merchandise,
shall be subject to certain penalties; and further, that
all fish, fruit, groceries, teas, coffees or vegetables dis-
played upon any sidewalk shall be placed upon tables
or benches not more than two feet in height nor more
than three feet in width. The declaration then avers
that prior to July, 1906, the plaintiff conducted upon
certain premises facing Seventh street in said city, an
eating-house and lunch-counter; that in the vicinity

thereof the defendant carried on a saloon, in a building owned by him, on the corner of Seventh and Washington streets; that during March, 1902, the defendant told the plaintiff that he, said Allen, had several opportunities to lease, for the purpose of erecting and maintaining thereon a lunch stand, the three feet of the outer edge of the sidewalk alongside of said saloon building and to sell the privilege of the use of the same, and that if plaintiff did not accept a lease thereof or purchase the privilege of the use thereof from him, he would cause to be erected and maintained a lunch-stand thereon or lease or sell the privilege of the use of the same for such purpose, and thereby injure and ruin the business of the plaintiff; that by reason of said threats of the defendant and the fear that he would carry out the same, the plaintiff, during the month of March, 1902, entered into a certain supposed agreement with defendant, whereby the plaintiff, in consideration of $6 to be paid by him each month to the defendant, was to have the right and privilege to erect and maintain a lunch-stand on the above mentioned three feet of the outer edge of the sidewalk adjoining said saloon building, during the occupancy of the same by the defendant, and that the consideration for said supposed agreement should, after April, 1905, be $75 per year; that, acting under the threats and fears aforesaid, the plaintiff paid to said defendant said consideration of $6 per month, from May 1, 1902, until April 1, 1905, and said annual consideration of $75 during April, 1905, and 1906, respectively; that during April, 1902, the plaintiff, acting under the threats and fear aforesaid, erected, at a cost of, to-wit, $75, on the three feet of the outer edge of said sidewalk, a lunch-stand, and thereafter maintained the same. That by reason of the facts hereinabove alleged, the defendant became indebted to plaintiff, in the sum of, to-wit, $1,000, etc.

It is obvious from the averments of the declaration that the contract between the parties was in effect an

agreement on the part of appellee to permit appellant to occupy the portion of the public sidewalk which adjoined appellee's property, in consideration of the payment by appellant of stipulated sums of money, and that both parties believed that the ordinance set out in the declaration gave appellee authority to oc- cupy or let out three feet of the sidewalk in question. It is unlawful for a private individual to appropriate to his own exclusive use a portion of a public street or sidewalk. It is also the law that a municipality has no power to devote a public street or sidewalk, or any part thereof, to a mere private use. If, therefore, the ordinance set out in the declaration can be said to authorize the use of the portions of sidewalks not in- cluded within the prohibitions of the ordinance, such attempted authorization is manifestly *ultra vires*. We do not think, however, that such ordinance can be properly said either expressly or impliedly to author- ize the use by a private person of any part of the sidewalks of the city. The most that can be said is that the occupancy of any portion of the sidewalk not included within the terms of the ordinance would not subject the trespasser to the penalties therein pre- scribed.

It follows that the lunch stand erected and main- tained by appellant was a permanent encroachment upon a public sidewalk for a private use and in law a nuisance. Snyder v. City, 176 Ill. 397. Both appel- lant and appellee are conclusively presumed to know that such is the law and that the contract between them was in consequence contrary to public policy, illegal and void.

Pursuant to such contract, appellant, advised, en- couraged, assisted and abetted by appellee, wrong- fully took possession of a portion of the sidewalk and paid the money in question to appellee, who had no possible right to demand, receive or retain the same. The parties were therefore equally guilty of the same violation of the law. In such case courts of law, as

well as equity, in the best interest of public policy, will refuse to aid either party, but will leave them without remedy against each other. Bishop v. Am. Pres. Co., 157 Ill. 284; Shortall v. Fitzsimmons, 93 Ill App. 231.

It is insisted by appellant that inasmuch as the contract was in part executory, appellant should be entitled to recover, at least the portion of the illegal rent which was unearned at the time of the abandonment and repudiation of the contract by him. Such is not the law.

It is well settled that courts will have nothing to do with the distribution of money paid, or property transferred, in pursuance of an illegal agreement, but will leave to parties where it finds them. Greenhood Pub. Policy, 7; R. Co. v. Mathers, 104 Ill. 259; Shaffner v. Pinchback, 133 Ill. 410; Kirkpatrick v. Clark, 132 Ill. 350; Smart v. Cason, 50 Ill. 198; Shortall v. Fitzsimmons, *supra;* Miller v. Marckle, 21 Ill. 154. Such rule is manifestly consonant with public policy.

The general demurrer to the declaration was properly sustained and the judgment will be affirmed.

*Affirmed.*