# Thomas Kearney and Henry Becker, Appellees, v. Charles Webb, Appellant.

1. CONTRACTS, § 157*—*when no recovery may be had on illegal contract.* The general rule is that a contract made in violation of a statute is void, and when a plaintiff cannot establish his cause of action without relying upon the illegal contract he cannot recover.

2. GAMING—*when gaming house proprietor may not recover from State's Attorney money seized in raid.* Money furnished by a proprietor of a gaming house to his employees for use at gaming tables which was seized by officers at the time of making a raid on the house and is in the possession of the State's Attorney may not be recovered in an action by such proprietor against the State's Attorney.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed April 17, 1916.

DAN MCGLYNN and T. M. WEBB, for appellant.

C. E. CHAMBERLIN and LOUIS KLINGEL, for appellees.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

It appears from the record in this case that on and prior to January 18, 1913, appellees were engaged in conducting a gaming house in the City of East St. Louis, wherein craps and other gambling games were played by divers persons, in violation of the statute of Illinois. The appellees did not operate the gaming room in person but had in its employ John Schneider, John Maguire and a man by the name of Rosenberg who had charge of the gaming tables and operated them for appellees. On the date aforesaid appellees gave to these employees the amount of $1,600 in silver, contained in three sacks, to be used by them "To bank the games." The employees had been engaged in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

game at this time for an hour or more and quite a number of persons were there also betting upon the game. The evidence shows that the bets ran from twenty-five cents to four dollars; that during the time the game had been in operation the employees had lost about $60 of the money furnished them by appellees. About this time a raid was made by the police officers, under the direction of the State's Attorney of St. Clair county, upon this gaming house and the tables and other paraphernalia used in conducting the game and the money that had been furnished by appellees to its employees was seized by the police officers and the money delivered to the State's Attorney, the appellant in this suit, who counted it and found it to amount to $1,536.75. This money was taken in charge by appellant and has been retained by him from that day to the present time. The appellees were fined for a violation of the criminal code and paid their fines, and thereafter this suit was instituted by them to recover this money from the appellant.

The case was tried in the Circuit Court of St. Clair county, and at the close of all of the evidence upon motion of the plaintiff the court directed that a verdict be returned in favor of the plaintiffs for the said amount of $1,536.75, and judgment rendered therefor, and it is sought by this appeal to reverse the judgment of the court. The declaration filed consisted of the common counts, and to this defendant filed the plea of general issue.

There is not much dispute as to the principal facts involved in this case, and as to the facts that are in dispute we regard them as unimportant in the determination of the issue. It appears clearly from the evidence that the money here sought to be recovered was furnished by appellees to their employees to be used by them in operating a gaming house, and it is contended by counsel for appellant that inasmuch as the money was furnished by appellees for an unlawful

purpose and to be used in violation of the criminal code that the appellees are prohibited, because of public policy, from having the aid of the courts to enforce a return of this money. It has been often decided by the Supreme Court of this State, and seems to be the policy of most of the States, that money furnished to be used in gambling, or for the making of bets, wagers or gaming purposes cannot be recovered by a suit at law. In the case of *Shaffner v. Pinchback,* 133 Ill. 410, where two men had contributed $1,000 each to a fund to be used in a bookmaking business at a horse race, it was sought by Shaffner to recover $1,000 of this money, but the court upon the trial instructed the jury that if they believed from the evidence the parties to the suit each contributed $1,000 for the purpose of betting and wagering on horse races that the plaintiff could not recover, and the Supreme Court in passing upon this says: "They were, in respect to such business, *in pari delicto,* and the law will refuse its aid to assist either, but will leave them in the positions in which they have placed themselves. Plaintiff in error having embarked his money in an enterprise prohibited alike by the statute, by good conscience and by public policy, placed himself and his money outside of the pale of the law, and if he has been despoiled by the failure of his associate to account for the funds placed in his hands for the purpose of carrying on the unlawful business, then both good morals and public policy require that the law should not aid him."

"The general rule of law is, that a contract made in violation of a statute is void, and that when a plaintiff cannot establish his cause of action without relying upon the illegal contract he cannot recover. * * *

"One who has parted with his property under a contract which is against public policy cannot maintain replevin for it. The law will leave the parties in the situation in which they have placed themselves." *Bishop v. American Preservers' Co.,* 157 Ill. 284.

In the case last above referred to the court in the opinion refers and quotes approvingly from the case of *Hutchins v. Weldin,* 114 Ind. 80, as follows: "The law in such a case will leave the parties just where it finds them. If the contract has not been executed, it will not be enforced; if it has been executed, the law will not extend relief. Where a contract void as against sound morals or public policy has been fully executed by both parties, and suit brought under, upon or against such contract, *potior est conditio defendentis."* "Each party is left precisely where he is found at the time of the controversy to bear the burden of his own abandonment of his duty to the law of his country." (Story on Agency (8th Ed.) sec. 195.)

Indeed it is conceded by counsel for appellee upon the argument in this case, that if this were a suit by appellees against its employees to recover back the money furnished that the action would not lie. But they insist that where a third party, as the State's Attorney in this case, has obtained the money, that this rule cannot be invoked, and the action will lie. The difficulty about that position, as we see it is, that the rule as laid down by the authorities is directed at and prohibits persons who have engaged in the furnishing of means under such conditions from having any right of action in the courts, and that by the act of furnishing the money for an unlawful purpose they are placed without the pale of the courts and cannot have the aid of the courts to recover their money.

It is also claimed by counsel that the Supreme Court in the case of *Glennon v. Britton,* 155 Ill. 243, in speaking of property of this character, says: "If it is of the obnoxious class which the law condemns, it is very doubtful if it can be deemed the subject of property or any one the owner of it. If, on the other hand, it be harmless and moral, or not of the class to be condemned and destroyed, it can be restored to the party from whom it was taken, and no one be injured by the

proceedings.'' And then insists, as we think properly, that money is of that class that cannot be destroyed. It would be unlawful to destroy it, as it is of itself harmless. One of the difficulties of the contention of counsel upon this point is, that the persons from whom the money was taken are not seeking to recover in this suit.

It is also contended that this money does not belong to the State's Attorney but in equity and justice belongs to the appellees, and insisted that as the State's Attorney has no title or right to retain this money that an action at law is given to appellees because of the fact that they are the real owners, and many authorities are cited in support of this proposition of law and to the effect that where one person has money justly belonging to another that such other can institute a suit at law and recover therefor, even though no privity of parties exist. This we believe to be a correct interpretation of the law in proper cases, but the difficulty in this case is not in the right of action but in the right of appellees to bring the action. The appellees, as above stated, are without a right of action in the courts to recover this money that they had parted with for an unlawful purpose; to make it clear, the appellees are prohibited by law from having the aid of the courts to restore them to their rights as to this money, and so far as the appellees are concerned we can see no reason why the courts would aid them any more readily to recover the money from the State's Attorney than it would to recover it from the employees, as the same principle would apply in one case as it does in the other, that is, that the appellees are deprived of the use of the courts for the purpose of enforcing such claims.

We are of the opinion that the trial judge overlooked the fact that appellees were by their conduct foreclosed from using the courts to recover money furnished by them to be used at gaming, and that the

court erred in directing a verdict for the plaintiff, and the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

### ADDITIONAL OPINION.

Per Curiam. Upon further consideration of this case, and in view of the fact that there is no controversy concerning the controlling facts, and as the judgment heretofore rendered at the present term of this court is based entirely upon its application of the law to the uncontroverted facts, the judgment in this case will be reversed but the cause will not be remanded, and the opinion heretofore filed is modified to that extent.

*Reversed.*