## DINE v. EDWARDS et al.

### No. 9048.

Circuit Court of Appeals, Seventh Circuit.

Oct. 16, 1946.

Rehearing Denied Nov. 21, 1946.

Writ of Certiorari Denied March 3, 1947.

See 67 S.Ct. 867.

---

Charles R. Aiken, Emmet J. Cleary, and Aiken, McCurry, Bennett & Cleary, all of Chicago, Ill., for appellant.

Edgar B. Elder and Alec Wesley Glaskay, both of Chicago, Ill., for appellees.

Before SPARKS and KERNER, Circuit, Judges, and BRIGGLE, District Judge.

KERNER, Circuit Judge.

By his complaint plaintiff sought to set aside a chattel mortgage, a bill of sale, and an option to repurchase three race horses. Jurisdiction rested upon diversity of citizenship and the requisite amount in controversy. The District Court, on motion of the defendants, dismissed the complaint for failure to state a claim upon which relief could be granted.

The complaint alleged that while plaintiff was the owner of three race horses he entered into an agreement with defendant Edwards whereby Edwards would make wagers upon the horses, and if the horses won, Edwards would deduct from the winnings the amount of the wagers and divide the net profits therefrom with plaintiff, but if the horses failed to win the race the loss would be charged against plaintiff; that up to August 22, 1944, Edwards had advanced $24,000 for which plaintiff executed a chattel mortgage in which he pledged the three horses as security; and that on or about June 1, 1945, Edwards represented to plaintiff that plaintiff was then, under the arrangement mentioned, indebted to Edwards in the sum of $30,700 and informed plaintiff that he would foreclose the chattel mortgage unless plaintiff agreed to transfer title to the horses to Edwards in exchange for an option to repurchase the horses within ninety days, whereupon plaintiff executed a bill of sale transferring the title to the horses to Edwards.

The complaint further alleged that under the statutes of Illinois the execution of any chattel mortgage or bill of sale where the whole or any part of the consideration thereof was a gambling transaction, is void and of no effect; that all mortgages or

conveyances executed contrary to the provisions of the statutes may be set aside and vacated upon a bill filed for that purpose, by the person executing the same; and that by reason of these premises a right of action has accrued to plaintiff to set aside the chattel mortgage, bill of sale, and option to repurchase.

In the District Court, in support of the motion to dismiss, defendants asserted that a court of equity will not adjust disputes arising out of gambling transactions. The trial judge, after stating that it was agreed the case arose out of certain gambling transactions between Dine and Edwards involving betting on various horse races, gave as his reason for dismissing the complaint, that the courts of Illinois have held that betting money on horses is gaming, in violation of the statutes, and that where the parties are in pari delicto, no affirmative relief will be given to one against the other, but each party will be left to enjoy all that he has been able to obtain in the iniquitous transaction.

In this court defendants, relying solely on general equitable principles, reiterate the argument made in the District Court and cite, among other cases, Shaffner v. Pinchback, 133 Ill. 410, 24 N.E. 867, 23 Am. St.Rep. 624; Boddie v. Brewer & Hofmann Brewing Co., 204 Ill. 352, 68 N.E. 394; Brelsford v. Stoll, 304 Ill.App. 222, 26 N.E.2d 159; and Israel v. Selman, 263 Ill. App. 351.

■ It is true that betting money on a horse race is gaming and in violation of law, Shaffner v. Pinchback, supra, and where parties engage in the unlawful business of gaming, courts will not assist either one, but will leave them where they place themselves; yet, the question remains whether these principles are applicable here. We think they are not.

■ As to the substantive rights of the parties in this case, there can be no question but that the state laws are the controlling rules of decision. It has been so held, Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246, and wherever those laws have been authoritatively declared by the State, whether its voice be the legislature or its highest court, such

laws ought to govern in litigation founded on them, whether the forum of application is a State or a federal court and whether the remedies be sought at law or may be had in equity, Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. And we know that the public policy of a State is to be found in its constitution and statutes, Electrical Contractors' Ass'n v. A. S. Schulman Electric Co., 391 Ill. 333, 63 N.E. 2d 392, 161 A.L.R. 787. We, therefore, seek to ascertain what the public policy of Illinois is upon the question at hand.

Section 329, chap. 38, Ill.Rev.Stat.1945, provides that "All * * * agreements, * * * mortgages, or * * * conveyances * * * where the whole or any part of the consideration thereof, shall be for any money, * * * won by * * * wager or bet upon any race, * * * or for the reimbursing or paying any money or property knowingly lent or advanced at the time and place of such play or bet, to any person or persons so gaming or betting * * * shall be void and of no effect," and § 333 provides that "All * * * mortgages, * * * agreements, * * * or conveyances, given, granted, drawn or executed, contrary to the provisions of this act, may be set aside and vacated by any court of equity, upon bill filed for that purpose, by the person so granting, giving, entering into, or executing the same * * *."

■■ Under these statutes the declared policy of the State is that all agreements, mortgages or conveyances, where the whole or any part of the consideration thereof shall be for any money won by wager or bet upon any race, shall be void and of no effect, and the statutes clearly authorize the filing of a bill in equity to set aside such mortgage or conveyance. In the case of West v. Carter, 129 Ill. 249, 254, 21 N.E. 782, the court, in construing the statute here involved, said: " 'It was the intention of the legislature to make all * * * contracts * * * absolutely void,—of no vitality,—and they cannot be vitalized by the action of any court.' " And the court held that relief may be granted in a court of equity to vacate and set aside

contracts obtained in violation of these statutes. See also Pearce v. Rice, 142 U. S. 28, 12 S.Ct. 130, 35 L.Ed. 925; Harris v. McDonald, 194 Ill. 75, 62 N.E. 310; and Mulcahey v. Vehon, 229 Ill.App. 454. To us it is plain that to deny plaintiff the right to seek to set aside the mortgage and bill of sale would vitalize the instruments mentioned.

The judgment appealed from is reversed and the cause is remanded to the District Court.

### On Petition for Rehearing.

In his petition defendant believes he has uncovered an omission in the opinion in that it is not decisive of all the questions presented.

It is claimed that we took the position that the applicable Illinois statute requires that the chattel mortgage, bill of sale, and option to repurchase be set aside in accordance with the prayer of Count 1, but that the sufficiency of the cause of action in Count 2, which sought damages for conversion of the property, was not reached by the District Court and, while raised here initially, was not considered by this court. It is true we were content to consider only the allegations in Count 1, but, as will be shown, no error was committed.

The defendants' motion to dismiss the complaint which was sustained by the trial court stated in part: "The complaint herein fails to state a claim upon which relief can be granted." The District Court thereby rejected the allegations in Count 2 as specifically as the allegations in Count 1, and it is incorrect for the defendants to say as they do that the point of Count 2 arose for the first time in this court. Upon appeal both counts were before this court just as they were before the District Court. Moreover, an examination of the complaint discloses that an identical cause of action is set out in the two counts due to an incorporation in Count 2 of the principal allegations of Count 1. They are distinguished only by the remedies sought. Count 1 prays that the documents in question be set aside, and Count 2 prays that, the property having been illegally appropriated, a judgment against defendants for its value be entered.

It is logical that the District Court in emphasizing its rejection of the allegations of Count 1 necessarily did not repeat itself in rejecting the allegations of Count 2. The opinion of this court likewise confined itself to a consideration of the allegations of Count 1. It is clear, however, that the allegations of Count 2 were held sufficient by this court and an order will be so entered.

The petition for rehearing is denied.